## SMITH v. PENNINGTON COUNTY.

The questions arising in this case are similar to those decided at the present term in the case of Wells v. Pennington Co., 2 S. D. 1. That decision being confirmed, the syllabus of that case will be applicable to this.

(Syllabus by the Court. Opinion filed March 19, 1891.)

Appeal from circuit court, Pennington county. Hon. JOHN W. NOWLIN, Judge.

The facts and the nature of the proceedings are stated in the opinion and are similar to those in Wells v. Pennington County, 2 S. D. 1.

*Charles W. Brown*, States Att'y. of Pennington County, and *William Gardner*, for appellant.

*Chauncey L. Wood*, for respondent.

BENNETT, J. This is an action for damages alleged to have been sustained by the plaintiff by the location by the defendant of a public highway along a section line on plaintiff's premises, and extending 33 feet on each side of such section line. Plaintiff alleges his settlement upon and entry of the said land under the homestead laws of the United States; his receipt of patent, and ownership and possession; the location of the road by the defendant on July 21, 1882; the exclusion of the plaintiff from the private use and enjoyment of the road, to his damage in the sum of $300. Defendant admits the location of the road, and exclusion of the plaintiff from its private use and enjoyment except as a public highway, and that since the 21st day of July, 1882, the land taken has been a practicable highway and road, and used as such by the general public. Upon the trial the following statement of facts was admitted by both parties to be true: That the several tracts of land in the complaint described were surveyed by the United States in July and August, 1879, and that the official plat of said survey was filed in the United States land office at Deadwood, on the 18th day of February, 1880, and that prior to the last named date said tracts were unsurveyed lands of the United States;

that the plaintiff settled on said lands in the year 1876, and made final proof in support of his homestead claim on December 18, 1882, when he received a receiver's receipt; that the public highway mentioned in the complaint was established on July 21, 1882, by proceedings duly had by and before the county commissioners of said county; and that ever since that time the road thus established has been used and traveled as a public highway by the general public, and that such road is located entirely upon a strip of land 33 feet wide, and no more, on each side of the section line. Evidence was introduced tending to establish the value of the land, and damages arising by reason of the appropriation of it for general highway purposes. At the close of the evidence the case was submitted to a jury under the instructions of the court, a verdict rendered for the plaintiff, and damages assessed at the sum of $200, and judgment entered accordingly, from which judgment this appeal is taken. The substantial facts of the settlement, the entry, the proof, and the issuance of the patent for the land to the plaintiff, and the making of the United States survey after the extinguishment of the Indian title, and the filing of it in the proper United States land office, and the appropriation of it by the territorial officers for public highway, are similar to those in the case of Wells v. Pennington Co., 1 S. D., (decided at the present term,) and need not, therefore, be considered here, with the exception that Wells, the respondent in the above case was holding his claim uuder the pre-emption laws of the United States, while in the case under consideration the respondent's claim for damages, if any, arises from a homestead entry. There is a difference as to the rights of parties under these respective claims, yet it is not incumbent upon us to discuss this distinction, because the conclusions reached in the Wells v. Pennington Co. case, as to the effect of section 2477, Rev. St. U. S., in relation to the right of way for the construction of highways over the public lands, and of sections 1189, 1191, Comp. Laws, in declaring that all section lines are public highways, are decisive of this case. The grant of congress being a general one, taking effect at the date of the enactment of the

law, became operative at once over all the public lands acquired, or to be acquired by the United States. The territorial law declaring section lines to be public highways became operative as an acceptance of the congressional grant as soon as those lines. were definitely settled. The record shows that the several tracts of land mentioned in the complaint were surveyed by the United States in August, 1879, and the official plat of said survey was first filed in the United States land office at Deadwood; it being the land district in which said lands were then situated, on the 18th day of February, 1880. This, then, was the date at which the law of congress and the territorial law attached to the public lands, making the reservation for highway purposes. The respondent made his homestead entry on the 20th of February, 1880, at which time the land became segregated from the mass of public lands, and equitably became private property, subject, however, to this dedication or erasement of the congressional and territorial laws for highway purposes. When the respondent made his final proof and received his patent from the United States, he obtained such title only as the United States had in the land. The admitted facts show no cause of action on the part of respondent. The verdict of the jury and judgment rendered by the court were erroneous. The cause is reversed and remanded. All the judges concurring.

Reporter: Upon the points considered by the court in the disposition of this case the counsel for the respective parties advanced the same propositions of law and cited the same authorities as those contained in their briefs filed in the case of Wells v. Pennington County, 2 S. D. 1, 48 N. W, 309.