SAMPLE, Appellant, v. HARTER et al, Respondents.

(156 N. W. 1016.)

(File No. 3810.   Opinion filed March 16, 1916.   Rehearing denied April 11, 1916.)

1. **Highways—Highways Leading to Lakes—Public Necessity—Statute.**

   Where the only purpose of opening highways was to make two lakes, between which the highways would run on section lines, accessible to the general public, held, that, under Pol. Code, Sec. 1594, declaring all section lines highways as far as practicable, said section lines, although running through hills, then through places wet and marshy in dry seasons, are practicable. Held, further, that the benefits to be derived to the public from the use of said lakes, they being meandered, and large, deep and permanent, and therefore navigable, are commensurate with the cost of making said section lines available for public travel.

2. **Highways—Section Line Highway on Federal Granted Lands—Subsequent Highway Statute, Effect.**

   33 foot strips of land along section lines cannot be taken for public highways from land which had been granted to the fed-

eral government prior to the passage of Rev. St. Sec. 2477, (U. S. Comp. Stat. 1913, Sec. 4919) granting rights of way for public highways over public lands not reserved for public use, made applicable by territorial act now embodied in Pol. Code, Sec. 1594, declaring all section lines to be highways, such lines not being "public lands" when said statute was enacted.

3. **Highways—Prescriptive Highway—Travel on Most Convenient Route—Sufficiency of Evidence.**

Public travel, from at or about a section corner northward to a lake, not confined to the section line, but which travel followed the route most convenient at the particular time, and without reference to the section line, is not sufficient to sustain a finding that such section line was continuously used and traveled by the public, and does not show a highway upon said line by presumption.

4. **Highways—Section Line Highways—Enjoining Obstruction to Opening Highway of Less than Statutory Width—Restricted Injunction—Statutes.**

The fact that Pol. Code, Sec. 1596, relating only to section line highways, provides that such highways shall be 66 feet wide, as declared by Sec. 1594, to be taken equally from each side of the line, and that section 1626, relating only to highways that have been created or changed by county or township officials, provides that no road shall be less than 66 feet wide, and that an order for laying the highway must specify the width thereof, do not indicate a legislative intent that the public shall not have a right to travel over a highway of less than statutory width; and such section line highway exists by operation of law, to be officially opened to public travel; and held, that notwithstanding the parts of sections along one side of the section line, owned by plaintiff, had been granted to a railroad at the time the section line statutes became effective, and so were not subject to being used for highway purposes, yet, the 33 feet of sections on the other side of the line, being subject to said laws, may be opened as a public highway by the township supervisors; and plaintiff's right to restrain the officers extended only in so far as the highway, if laid out 66 feet wide, would invade plaintiff's land.

Appeal from Circuit Court, Deuel County. HON. CARL G. SHERWOOD, Judge.

Action by Henry D. Sample, against Joseph Harter and others, as supervisors of the township of Altamont, Deuel County, and another, to enjoin defendant, township board of supervisors, from opening a highway on section lines. From a judgment

for defendants, and from an order denying a new trial, plaintiff appeals. Modified and remanded.

*Geo. H. Marquis,* for Appellant.

*T. J. Law, and W. W. Knight,* for Respondents.

(1)  To point one of the opinion, Appellent cited: Civ. Code, Sec. 289; Lamprey v. Metcalf, (Minn.) 53 N. W. 1139-1144; Grand Rapids Ice & Coal Co., v. South Grand Rapids Ice & Coal Co., (Mich.) 25 L. R. A. 815; Lowe v. East Sioux Falls Quarry Co., 25 S. D. 393, 126 N. W. 609; Bissel v. Olson, 26 N. D. 60, 143, N. W. 340.

Respondents cited:  Flisrand v. Dadsen, 35 S. D. 457, 152 N. W. 796.

(2)  To point two of the opinion, Appellant cited: Winona & St. Peter R. Co. v. Randall, (Minn.) 13 N. W. 127; Walbridge v. Board of Com'rs, (Kansas) 86 Pac. 473.

Respondents cited: U. S. Rev. St. Sec. 2477; Keen v. Fairview Township, 67 N. W. 623; Wells v. Pennington County (48 N. W. 305); Riverside Township v. Newton, 75 N. W. 899; Lawrence v. Ewart, 114 N. W. 709.

(3)  To point three of the opinion, Appellent cited: Pol. Code, Sec. 1632.

(4)  To point four of the opinion, Appellent cited: Pol. Code, Secs. 1596, 1626, 1707-16; Wickre v. Independence Tp., (S. D.) 141 N. W. 973.

Respondents cited: Lowe v. East Sioux Falls Quarry Co., (S. D.) 126 N. W. 609; Lidel v. South Dakota Central Railway Co., 127 N. W. 653; Murray v. Polglase, 23 Mont. 401, 59 Pac. Rep. 439; Walcott Township v. Skauge, 71 N. W. 544.

POLLEY, P. J.  Plaintiff instituted this action for the purpose of enjoining the defendants (acting as the board of supervisors of Altamont township in Deuel county) from opening a road from the northeast corner of section 20 and the northwest corner of section 21, along the section line between said sections to its intersection with the north side of Coteau Island Lake; and also a road from the southeast corner of section 29 and the southwest corner of section 28, along the section lines between said sections to its intersection with the south side of South Coteau Lake.  A reference to the following diagram will aid in understanding the facts:

The plaintiff is the owner of lot 1, in section 21, of the S. W. ¼ of the S. W. ¼, and lot 7 in section 28, and of lot 8 in section 29. So that, in order to open up the road between sections 20 and 21, defendants intend to appropriate a strip of land (claimed by plaintiff) 33 feet wide along the west side of lot 1 in section 21, and, for the road between sections 28 and 29, a strip of land (claimed by him) 66 feet wide along the line between those sections. Defendants were attempting to open said roads under the authority of section 1594, Pol. Code, and section 2477, Rev. Stat. U. S. (U. S. Comp. St. 1913, § 4919.)

[1] Defendants do not intend to open a road from South Coteau Lake to Coteau Island Lake, along the section lines between sections 28 and 29, nor to open a road from either of said lakes to any other point, so that it is plain that the only

purpose for which said roads are to be opened is to make these two lakes accessible to the general public. Both lakes are meandered, and it was stipulated by the parties, and the trial court found as a fact, that they are "large, deep, and permanent" bodies of water.

The court found generally for the defendants, and entered a decree, restraining and enjoining the plaintiff from obstructing or interfering with the said "highway." Section 1594, Pol. Code provides:

"All section lines shall be, and are hereby declared public highways as far as practicable.  *  *  *"

It is contended by appellant that the section lines here involved are not practicable for use as highways. This contention is based upon the grounds that said roads lead to no other place or objective point than the said lakes; and that the public has no ownership or beneficial interest in said lakes that would warrant the expenditure necessary to make said highways passable. With this contention we cannot agree. Conceding, as claimed by appellant, that said lakes can be used by the public for no proposes other than boating, fishing, fowling, bathing, and taking ice, we cannot say that the benefits to be derived therefrom are not commensurate with the cost of making said section lines available for public travel. The fact that said lakes are "large, deep, and permanent" places them in the class designated as navigable lakes. In Flisrand v. Madson, 35 S. D. 457, 152 N. W. 796, and Anderson v. Ray (S. D.) 156 N. W. 591, it was held by this court that lakes of this description belong to the state, for the benefit of all the people. Such lakes are "public waters," and ought to be preserved by the state for public uses. Upon the question of practicability, it was shown that the land along these section lines is somewhat hilly in places, and in other places wet and marshy during wet seasons, but there does not seem to be any serious obstacle in the way of public travel or obstacles that cannot be removed at a reasonable expense, and we believe that the trial court was warranted in finding, as it did, that these section lines are practicable for public uses.

[2]   This brings us to the second and more difficult branch of the case. It is contended by appellant that section 2477, Rev. Stat. U. S., and section 1594, Pol. Code, do not apply to these

section lines, and that they can be appropriated for use as highways only by proceeding in the manner marked out by the statute for that purpose.   This contention is based upon the following fact as found by the trial court:

"That all of sections 21 and 29 were and are a part of the lands granted by the United States to the territory of Minnesota, by act of Congress approved March 3, 1857."

—to aid in the construction of what was afterward known as the Winona & St. Peter Railroad; and it may be added that plaintiff acquired his title through this grant.   The act of Congress granting the right of way for the construction of highways over public lands not reserved for public uses, and now embodied in section 2477, Rev. Stat. U. S., was not enacted until July 26, 1866, and did not go into effect, so far as lands in South Dakota are concerned, until January 12, 1871, when the territorial Legislature enacted the law, now embodied in section 1594, Pol. Code, declaring that all section lines shall be highways.   Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, 39 Am. St. Rep. 758. This being long after sections 21 and 29 had been granted to the said railroad company, these two sections were not "public lands," in the sense in which that term is used in section 2477 at the time that statute was enacted.   The government had already divested itself of title to these two sections, and it could not burden them with a right of way for highways by subsequent grants.   This proposition is too elementary to require the citation of authority.   From this it follows that defendants were not authorized by section 1594, Pol. Code, to appropriate any portion of these two sections for highway purposes; and, as to the strip of land 33 feet wide, along the west side of lot 1, in section 21, no authority or right of appropriation is shown, or attempted to be shown, from any other source.

[3]   As to the line between sections 28 and 29, an attempt was made to show the establishment of a road by prescription, and, upon this subject, the trial court made the following finding of fact:

"That the part of said section line between said sections 28 and 29, running from the southwest corner of said section 28 and southeast corner of said section 29, north to the waters of South Coteau Lake, was continuously used and traveled by the public

from the year 1880 to the time a fence was built across the same, about the year 1902; and, if not obstructed by said fence, said section line highway would still be used and traveled by the public."

Appellant excepts to this finding of fact on the ground that it is not supported by the evidence. There was testimony to the effect that, as far back as 1880, there was some travel from the road along the south side of sections 28 and 29 to South Coteau Lake and around the east side of that lake, but it does not appear that this travel was confined to the section line or to any particular or defined roadway. While much of this travel appears to have turned off from the east and west road at or about the section corner, it does not appear to have followed any defined roadway from that point to the south side of the lake. There is a slough or marsh on the section line between said section corner and the lake that could not be crossed except when frozen or very dry, and it was necessary, in going from the section corner to the lake, to go either to the east or to the west side of this marsh; and it does not appear that any one that went around this marsh, either to the east or west side, followed the edge of the same until he reached the section line and then followed the section line to the lake; nor is there any satisfactory evidence that there ever was any travel along the section line between the marsh and the lake. It is plain that people traveling back and forth between the east and west road and the lake followed the route that was most convenient at the particular time, and without any reference to the said section line. In our opinion, the evidence is not sufficient to show the establishment of a highway from the southeast corner of section 29 to South Coteau Lake; and it is not necessary to consider the effect of section 1632 of the Pol. Code.

[4]. But it does not necessarily follow that the judgment appealed from must be reversed. The railroad grant above referred to does not affect sections 20 or 28, and, under the provisions of section 2477, Rev. Stat. U. S., and section 1594, Pol. Code, a strip of land 33 feet in width along the section line on the east side of section 20 and a strip of similar width along the section line on the west side of section 28 was appropriated for highway purposes, and may be opened by respondents for that

purpose unless they are prohibited from so doing by the provisions of sections 1596 and 1626 of the Pol. Code. These sections read as follows:

Section 1596:

"The public highways along section lines, as declared by section 1594, shall be sixty-six feet wide and shall be taken equally from each side of said lines unless changed as provided in the preceding section."

Section 1626:

"No road shall be less than sixty-six feet wide; and the order for laying any highway must specify the width thereof."

Section 1596 is found in article 1, c. 17, Pol. Code. This article relates only to section line highways. This class of highways was created by legislative enactment, and, so far as the right of way for that purpose in concerned, it exists without any acts or proceedings of any kind on the part of the county or township officials. The highway exists by operation of law, and all that is necessary for the county or township officials to do is to open such highway to public travel. Section 1626 is a part of article 4 of said chapter. This article, together with the two preceding articles, relates only to highways that have been created or changed by the county or township officials, pursuant to statutory requirements. It clearly appears from the last clause of this section that it was intended to apply only to roads that had been changed or established in this manner, and its purpose is to prohibit local boards from establishing roads, under these provisions of the law, less than 66 feet in width. The purpose of section 1596 is twofold. It limits the width of statutory highways and fixes the amount in width that shall be taken for that purpose from either side of the section line. But, while it limits the width of such highways, it contains nothing to indicate that the Legislature intended that the public should not have the right to travel over a highway owned by it merely because such highway is of a less width than the maximum width allowed for that purpose. By the act of 1871, the public became vested with 33 feet of ground for highway purposes, along the westerly side of section 20, and a strip of similar width along the easterly side of section 28. This has been an existing right since that time, and

the defendants have the right, if indeed it is not their duty, to proceed and open said highway for public travel.

From this it follows that the judgment appealed from should be so modified as to restrain the appellant from maintaining any fence or other obstruction upon or across the highway 33 feet in width on the west side of section 28 along the section line from the southwest corner of said section to the south side of South Coteau Lake, and also from maintaining any fence or other obstruction upon or across the highway 33 feet in width on the east side of said section 20, along the section line from the northeast corner of said section to the north side of the Coteau Island Lake; and the case is remanded to the circuit court for further proceedings in accordance with this opinion.

As the judgment appealed from is neither reversed nor affirmed, no costs will be taxed for either party in this court.