GUSTAFSON, Respondent, v. GEM TWP., et al, Appellants.

(235 N. W. 712.)

(File No. 722. Opinion filed April 6, 1931.)

*Van Slyke & Agor,* of Aberdeen, for Appellants.
*Ira O. Curtiss,* of Aberdeen, for Respondent.

POLLEY, P. J. The defendant, Gem township, is an organized township in Brown county, and plaintiff is the owner of a

quarter section of land in said township. Along the east side of said land is a section line highway 66 feet in width. Some forty or more years ago plaintiff's grantor planted trees along the east side of his land and within the right of way of the said highway. The trees were cultivated and cared for and had attained a considerable size, when, in May, 1930, it was decided by the township supervisors that the ground occupied by the trees was necessary for the use of the road, and plaintiff was notified to remove said trees. This plaintiff refused to do, and also refused to permit the said board to remove the said trees. The town supervisors thereupon in June, 1930, declared by resolution that the said trees were an obstruction and a nuisance to the proper use of the road and ordered the removal thereof. At about the same time the said board passed another resolution providing that the portion of the highway adjacent to the trees in dispute be graded to a greater height through the center of the 66-foot highway. Thereafter the said supervisors acting upon the advice of the state's attorney of Brown county entered into a contract with the defendants Locken and Sharpe to remove the said trees.

Plaintiff, believing this to be a violation of his vested rights, commenced this action for the purpose of enjoining defendants from the further destruction of the said trees, and for damages for the trees that defendants had already destroyed. The case was tried to the court. Findings of fact, conclusions of law, and judgment were for plaintiff, and defendants appeal. It is the contention of the plaintiff that defendant had no right to destroy or remove said trees until the damage occasioned to him thereby had been determined, by condemnation proceedings or otherwise, and paid.

Plaintiff bases his right to use one rod in width of the highway adjoining his land for the purpose of growing and cultivating trees, upon chapter 50 of the Territorial Laws of 1873. This chapter reads as follows: "That all section line roads being 4 rods in width, it is hereby enacted that any person or persons claiming any lands along said section line roads, shall have the right of occupying and taking possession (to the exclusion of all others) one rod in width, of said roads, fronting or along their said property, and to control said rod in width as if it were their own property, for the purpose of cultivating the growth of timber and trees thereon; Providing, And it is hereby enacted, that said owners or

occupiers can have no vested rights in said rod in width, unless they continuously keep said space of land in good order, and under full tree cultivation." This law was carried into the Revised Political Code of 1877 (chap. 29) as section 46 of that Code in the following modified form: "On all public highways of not less than sixty-six feet in width, the owners, occupants or claimants of adjoining lands may use and occupy one rod in width of such highway adjoining such lands for the purpose of cultivating the growth of timber and trees thereon; Provided, That the same be kept continuously in good order and under full timber and tree cultivation." This law was in force when plaintiff's grantor planted the trees in question. But in 1866 Congress had enacted a law, section 8, c. 262, 14 Stat. 253, approved July 26, 1866 (43 USCA § 932), which reads as follows: "That the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Section 1 of chapter 33, Territorial Laws 1870-71, approved Jan. 12, 1871 (now Sec. 8519, R. C. 1919) reads as follows: "That hereafter all section lines in this Territory shall be and are hereby declared public highways as far as practicable, * * *" These two statutes were in force when plaintiff's land was still a part of the public domain.

The effect of the federal statute was to dedicate to the public a right of way over public land for highways when the same were properly designated by authority of the Legislature; and the effect of the Territorial Act of 1871 was to accept such dedication and designate the location of such highways.

These various statutes were before this court for interpretation in Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, 307, 39 Am. St. Rep. 758; Smith v. Pennington County, 2 S. D. 14, 48 N. W. 309; Lawrence v. Ewert et al., 21 S. D. 580, 114 N. W. 709, 710; Sample v. Harter et al., 37 S. D. 150, 156 N. W. 1016. In Wells v. Pennington County, supra, this court said: "The act of congress giving the right of way for the construction of highways over public lands, and the territorial law declaring all such lines, as far as practicable, to be public highways, and designating such highways to be 66 feet wide, are notice to all persons filing on public lands subsequent to the passage of these laws that they make them subject to the right of way for highway purposes, if such section lines are found to be practicable for that purpose."

And again in Lawrence v. Ewert, supra, this court said: "The expression, 'all section lines shall be and are hereby declared public highways as far as practicable,' was evidently intended to make every section line in the then territory and now state a highway over which the people of the state would have an easement and right of way subject to the qualifications therein contained for the purpose of passing from one section of the state to another. Declaring section lines 'public highways' means that they are roads which every citizen has a right to use."

Further comment on this phase of the case would be little more than a mere repetition of what is said in the above cases. When plaintiff's grantor entered the land in question in 1881, a strip of ground two rods in width along the section line was burdened with an easement in favor of the public for highway purposes, and, until such easement had been abandoned for that purpose by the public, the Legislature could not legally appropriate said ground to any use incompatible with its use for highway purposes.

It is not necessary to determine the extent of the right conferred upon plaintiff by the provisions of the act of the territorial Legislature in 1871, wherein it was attempted to vest in adjoining landowners the right to occupy and use a strip of the right of way for the growth of timber. Such use would be incompatible with its use for highway purposes, and the very most that the Legislature could grant would be a mere license revocable by proper authority at any time that such strip of ground became necessary for the use of the public as a highway.

The sufficiency of the proceedings had by the board of supervisors to determine the necessity of the ground occupied by the trees for the use of the highway and the notice given plaintiff to remove the same is not made an issue in the case; therefore, we do not express any opinion thereon.

The town supervisors were strictly within their right in removing the trees as they did, and the court was in error in granting to plaintiff a restraining order and damages against the defendant for the destruction of the trees.

The judgment and order appealed from are reversed.

ROBERTS and WARREN, JJ., and MISER, C., sitting in lieu of RUDOLPH, J., concur.

CAMPBELL, J. (concurring specially). I agree that all section lines practicable for that purpose are public highways. I further agree that the statute by virtue of which the trees in question were planted (section 46, c. 29, Revised Political Code 1877) gave to persons who availed themselves thereof a mere privilege. I think such privilege is revocable when it sufficiently appears that the space occupied by the trees is required for highway purposes, or when it sufficiently appears that the presence of the trees thereon interferes in any manner with the reasonable requirements of the public for highway purposes. When the privilege is properly revocable I think it is the duty of the landowner to remove the trees upon due notice, and I do not think he is entitled to any compensation therefor, the property rights in the severed timber being of course in the landowner. Neither do I think the landowner can claim compensation for damages to his adjacent freehold because of the removal of the trees.