(137 App. Div. 55.)

NEUMANN v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. MUNICIPAL CORPORATIONS (§ 650*)—PETITION TO OPEN STREET—MAP—INACCURACIES IN MAP.

Where a petition was for the appointment of commissioners to open a street to the ocean, and the high-water mark of the ocean was several feet south of the southerly end of the street as shown by the commissioners' map, in view of the shifting character of the high-water line of land fronting on the ocean, and of the character of the proceedings, which clearly indicated a purpose to open the street to the ocean, they were effective to open it to the ocean, notwithstanding the inaccuracy of the map.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 650.*]

2. MUNICIPAL CORPORATIONS (§ 650*)—PETITION TO OPEN STREET—MAP—STAT-
UTES—CONSTRUCTION.

Laws 1869, c. 670, appointing commissioners to lay out a plan for roads and streets in the towns of K. county, provided that after the adoption of such permanent plan no street shall be laid out except in accordance therewith. In 1874 the plan was filed showing Twenty-Third street as extended from O. avenue to S. avenue. Laws 1875, c. 482, as amended by Laws 1881, c. 554, authorized boards of supervisors, in certain cities which had been mapped, to establish a plan for the grades of the streets, etc. In 1885 the board of supervisors of K. county offered for adoption a resolution, the preamble of which recommended changes in the lines of various streets and avenues to conform to a map thereto annexed, entitled "Map showing the proposed changes in the lines, etc., of certain streets and avenues of Coney Island in the town of Gravesend," and including Twenty-Third street from O. avenue to the Atlantic Ocean. The resolution provided that the map filed by the commissioners was changed so far as it related to Twenty-Third street so as to conform to the accompanying map. The map showed that the mean high-water line of the ocean was south of the southerly line of Twenty-Third street. *Held*, that in view of the prohibition of the act of 1869, and in view of the fact that S. avenue had not been laid down upon any map in accordance with its provision, or by authority of the board of supervisors under the act of 1881, the court had no jurisdiction to open S. avenue beyond the most southerly point shown on the map filed in connection with the resolution of the board of super-visors.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 650.*]

3. STATUTES (§§ 210, 211*)—CONSTRUCTION—TITLE—PREAMBLE.

Neither the title of an act nor a preamble contained in it can control the plain words thereof, nor extend its purview to objects mentioned in either title or preamble but not in the act itself.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 287, 288; Dec. Dig. §§ 210, 211.*]

Appeal from Special Term, Kings County.

Action by Gustav W. Neumann against the City of New York and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

James D. Bell (William A. Mathis, on the brief), for appellants.
John H. Judge, for respondent.

BURR, J. Plaintiff is in possession of certain premises at Coney Island, situated upon the ocean front, upon which he has erected valuable buildings. Defendants claim that such buildings are within the lines of a street known as West Twenty-Third street, which had been legally opened from Surf avenue to the high-water mark on the shore of the Atlantic Ocean, and attempted to remove them. This action was thereupon brought to restrain interference therewith, and the learned trial court has found that, although the structures would be within the lines of West Twenty-Third street if extended, the southerly line of West Twenty-Third street as opened is northerly of that portion of the premises upon which the structures complained of have been erected. From the judgment entered on such decision, this appeal is taken.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In December, 1885, a petition was presented to the Supreme Court, sitting in the county of Kings, praying for the appointment of commissioners for the purpose of opening West Twenty-Third street from Canal avenue to the Atlantic Ocean in the town of Gravesend. Canal avenue is north of Surf avenue. Commissioners were appointed, and they caused a map to be filed of the land to be taken for the purposes of such improvement. Plaintiff claims, and the court has found, on sufficient evidence, that the opening commissioners' map not only showed the most southerly line of West Twenty-Third street to be 522.03 feet southerly from Surf avenue on the westerly side, and 535 feet southerly therefrom on the easterly side, but that it also showed the mean high-water mark of the Atlantic Ocean to be several feet south of the southerly end of West Twenty-Third street as laid down and shown on said map. The evidence also is, and the court has found, as matter of fact, that the mean high-water mark at the time of the opening proceedings was never less than 600 feet from the southerly side of Surf avenue. In view of the shifting character of the high-water line of land fronting on the ocean, and in view of the character of the proceedings which clearly indicated a purpose to open the street for the entire distance between Surf avenue and the Atlantic Ocean, if this were the only difficulty with defendants' position, we think that we should have little difficulty in holding that the proceedings were effective to open the street for the entire distance, notwithstanding the inaccuracy of the map. Dean v. Mayor, 167 N. Y. 13, 60 N. E. 236. The difficulty with defendants' position antedates this, and is more serious in character.

In 1869 the Legislature passed an act appointing commissioners to lay out a plan for roads and streets in the towns of Kings county. Laws 1869, c. 670. By that act it was, among other things, provided that:

"After the establishment or adoption of such permanent plan, no street or avenue shall be laid out in said towns, or either of them, except in accordance with said plan so adopted, and all streets or avenues afterwards opened, widened or improved, shall be made to conform to such permanent plan and the lines thereof."

This act was amended or supplemented in subsequent years, but not in respect to matters which are of importance here. Laws 1870, c. 609; Laws 1872, c. 331; Laws 1874, c. 581. In 1874 the official map or plan of streets in the town of Gravesend was filed, on which West Twenty-Third street was shown as extending from Canal avenue to Surf avenue. It did not extend southerly from Surf avenue toward the ocean. In 1875 an act was passed to confer on boards of supervisors further powers of local legislation and administration. Laws 1875, c. 482. By this act, as amended in 1881 (Laws 1881, c. 554), boards of supervisors in any county containing an incorporated city of 100,000 inhabitants or upward, when any territory within such county and beyond the limits of such city has been mapped out into streets and avenues in pursuance of law, were authorized to establish "a plan for the grades of such streets and avenues, the laying out, opening, grading, construction, closing and change of line of any one or more of them."

Thereafter, and on November 25, 1885, the committee on streets, avenues, roads, and railroads, of the board of supervisors of Kings county, to whom by previous resolutions had been referred the subject of the proposed change of lines of a large number of streets, including among others West Twenty-Third street between Canal avenue and the Atlantic Ocean, made their report. It was to the effect that they had received from the necessary town officers, specified in chapter 554 of the Laws of 1881, a certificate that certain changes in the lines of various streets and avenues, including among others West Twenty-Third street from Canal avenue to the Atlantic Ocean, were proper and necessary for the public interest. They thereupon offered for adoption a resolution to alter the map filed in the office of the register of Kings county and in the office of the town clerk of the town of Gravesend, by the commissioners appointed as aforesaid, so far as the same related to a large number of streets, specifying them, and among others West Twenty-Third street from Canal avenue to the Atlantic Ocean. The resolution contained a preamble, reciting the certificate from the town officers, and recommending changes in the line of various streets and avenues so as to make them conform to the plan laid down on a certain map thereto annexed, entitled "Map showing the proposed changes in the lines, etc., of certain streets and avenues of Coney Island in the town of Gravesend," and the opening of said streets, including, among others, West Twenty-Third street from Canal avenue to the Atlantic Ocean. The enacting clause of the resolution is in the following words:

"Section 1. The map filed in the office of the register of the county of Kings, and the office of the town clerk of the town of Gravesend, by the commissioners appointed to lay out a plan for roads and streets in the towns of Kings county, is hereby changed and altered so far as the same relates to * * * West Twenty-Third street. * * * Said changes and alterations shall conform to the changes and alterations shown on the accompanying map, entitled, 'Map showing the proposed change of lines, etc., of certain streets and avenues on Coney Island, in the town of Gravesend,' which map is hereto annexed and forms part of this resolution."

That map showed a change in the easterly and westerly lines of Twenty-Third street, by which the street was moved a short distance further to the east, and it also showed a continuation of the lines of that street south of Surf avenue to a point in a line nearly parallel with Surf avenue and distant 300 feet southerly therefrom. It clearly appeared from this map that the mean high-water line of the Atlantic Ocean was some distance to the south of the southerly line of the street as laid down on the said map, and the evidence in the case justifies the finding of the learned trial court that at this time the mean high-water mark of the Atlantic Ocean at West Twenty-Third street was not less than 600 feet south from the southerly line of Surf avenue.

In view of the prohibition contained in the act of 1869, above referred to, and in view of the fact that Surf avenue had not been laid down upon any map, either in accordance with the provisions of that act or by authority of the board of supervisors under the act of 1881 referred to, we think that the court had no jurisdiction to open Surf

avenue beyond the most southerly point shown on the map above referred to as the map to be filed in connection with the resolution of the board of supervisors, adopted in 1885. Neither the title of an act, nor a preamble contained in it, can control the plain words thereof, nor extend its purview to objects mentioned in either title or preamble but not in the act itself. 2 Lewis' Sutherland, Statutory Construction (2d Ed.) §§ 339, 389. Notwithstanding this, if under the proceedings taken to open the street it had been actually opened to the Atlantic Ocean, and the owner of the abutting property through whom plaintiff claims title had not objected to such proceeding, and had accepted and received an award for all of the land lying between the southerly side of Surf avenue and high-water mark on the Atlantic Ocean, it might be that he would be estopped from claiming that the proceedings were not effective for such purpose, and, if they were effective to open it to the high-water mark as then existing, doubtless any change in the actual location thereof by accretion or erosion would simply add to or diminish the extent of the street. But as the case stands he cannot be concluded, upon the ground of estoppel, for anything more than the land actually taken and for which he was compensated, and it appears, and the court has found, that the southerly boundary line of that land was some distance to the north of the actual high-water line at the time when the proceedings were taken.

Inasmuch as the structures complained of are entirely south of the southerly line of Surf avenue as measured on the street opening map, we think the city had no right to interfere with plaintiff's possession or occupation of this land, and that the judgment appealed from must be affirmed, with costs. All concur.