Submitted on briefs September 19, reversed and remanded October 10, 1922.

## CARSON *v.* OLCOTT ET AL.

### (209 Pac. 610.)

**Bounties—Legislative Powers as to Soldiers' and Sailors' Bonus Defined.**

1. Under Constitution, Article XI–c (see Laws Sp. Sess. 1921, p. 6), relating to soldiers' and sailors' bonus, and conferring a right to choose between a cash bonus or a loan, the legislature was empowered to designate, by Soldiers' Bonus Laws of 1921, Chapter 201, Section 5, what relatives of the deceased soldier or sailor should be entitled to receive the bonus, payable to deceased if he had not died, but such authority was limited to the disposal of the bonus, and did not extend to disposal of the right to a loan.

**Bounties—Relatives of Deceased Soldier Entitled to "Bonus," but not to "Loan."**

2. Laws of 1921, Chapter 201, Section 5, conferring upon relatives the right to receive a deceased soldier's or sailor's bonus, *held* restricted to the right to receive such bonus as deceased himself would have been entitled to if he had lived, but does not confer the right to a loan, the word "bonus" implying an absolute gift or donation, and "loan" implying an obligation to repay.

**Statutes—That Title Would Include Legislation not Enacted No Evidence That It was Intended.**

3. That the title of an act is sufficiently comprehensive to uphold legislation that might have been, but was not, enacted, is no evidence that such omitted legislation was intended to be enacted.

From Marion: PERCY R. KELLY and GEORGE G. BINGHAM, Judges.

In Banc.

For appellants there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, and *Mr. J. A. Benjamin*, Assistant Attorney General.

1. On the question of construction and effect of soldiers' bounty laws, see note in 13 A. L. R. 594.

Validity of statute authorizing state grant to war veterans, see note in Ann. Cas. 1913B, 953.

For respondents there was a brief over the names of *Messrs. Wilson & Guthrie, Mr. Cicero F. Hogan* and *Mr. MacCormac Snow.*

RAND, J.—From an order and judgment overruling a demurrer to an alternative writ of *mandamus* issued out of the Circuit Court of Marion County, and directing that a peremptory writ should issue commanding the defendants to proceed in consummating a loan to the plaintiff upon her compliance with the provisions of Chapter 201, Laws of 1921, the defendants have appealed. It appears from the allegations of the alternative writ that the plaintiff is the mother and sole surviving parent of William Lucian Carson, deceased. That he enlisted in the military service of the United States on May 2, 1917, at Vancouver, Washington, and continued in the service until August 2, 1918, when he was killed. That at and prior to his enlistment he was a resident of the State of Oregon. From the facts alleged, it is clear that the deceased, if he had lived, would have been entitled at his election to receive either a cash bonus or a loan as provided for by said act. The deceased left surviving him neither wife nor child, and the mother is the relative that under the statute is entitled to receive whatever benefits the statute confers upon the relatives of a deceased soldier or sailor.

The sole question for decision is: Are the relatives designated and referred to in Section 5 of said act entitled to secure a loan in a case where the deceased, if living, would have been entitled to secure such loan? Article XI-c of the Constitution guarantees to every person whose qualifications of residence and service conform to the requirements imposed by the amendment, the absolute right to choose whether such

person shall be paid a cash bonus, or, upon compliance with the law, be granted a loan.   There are no provisions in the amendment Article XI–c, nor in the statute Chapter 201, Laws of 1921, that expressly, or by implication, confer such choice or election upon the relatives of a deceased soldier or sailor.   On the contrary, the express provisions both of the amendment and of the statute exclude such relatives from the right to choose or elect between the two.   The authority conferred by Article XI–c. upon the legislative assembly to legislate upon the rights that may be enjoyed by relatives. is limited by these words: ''The legislative assembly may provide that the bonus to which any deceased person would have been entitled hereunder, had he or she lived, shall be paid to any relative of such deceased person.''

1. By this provision the legislative assembly was empowered to designate by statute what relatives of the deceased should be entitled to receive the bonus which would have been payable to the deceased if such deceased had not died.   The authority conferred, however, was limited to the disposal of the bonus, and did not extend to or empower the disposal of the right to a loan which the deceased himself, if living, could have enjoyed.   In conformity to the power so conferred, the legislative assembly, by Section 5, Laws of 1921, enacted that:

''The husband, wife, child, mother or father, or dependent sister or dependent brother, in the order named, and none other, of any deceased person, male or female, who was enlisted, inducted, warranted or commissioned, and who served honorably in active duty in the military or naval service of the United States, shall be paid the bonus that such deceased person would have been entitled to hereunder had such deceased person lived.''

2. Under the plain provisions of the amendment and of the act, the right conferred upon relatives is limited and restricted to the right to receive such bonus as the deceased himself would have been entitled to if he had lived. As used in this statute the word "bonus" implies an absolute gift or donation. The word "loan" implies an obligation to repay. The use of both of these words, "bonus" and "loan" in the amendment and in the act, coupled with the provision contained in both that the soldier or sailor should have the right to elect between the two, precludes all possibility that either word was used in the sense that one was interchangeable for the other. By the use of the word "bonus," and the absence of the word "loan" in the clause found both in the amendment and in the act conferring upon relatives the right to receive the bonus which, but for the death of the deceased, he would have been entitled to, it is manifest that it was the intent of the law to confer upon the designated relatives in the order named in the statute, the right to receive the bonus, and to preclude them from the right to acquire a loan. This result follows from the application of the well-known rule *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another).

It is contended that the words "to provide for the industrial rehabilitation of all persons, and certain dependents of deceased persons who served," etc., as expressed in the title of the act, Chapter 201, Laws of 1921, indicate a legislative intent to confer upon dependent relatives not only the right which was conferred to receive a cash bonus, but also the right which was not conferred, to acquire a loan at their election, in lieu of such cash bonus. Under Section 20, Article IV of the Constitution, "Every act shall

embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.''

3. While the title of Chapter 201, Laws of 1921, was sufficiently comprehensive to authorize the legislature, so far as the mandatory directions of Article IV, Section 20, are concerned, to provide for loans to relatives, yet the legislature did not, in fact, so provide. The fact that the title of an act is sufficiently comprehensive to uphold legislation that might have been, but was not enacted, is no evidence that such omitted legislation was intended to be enacted.

Reference is also made to Section 1 of the act as further evidence of such intent. Section 1 refers only to the rights conferred upon those who served in the World War, and does not refer in any way to the relatives of such persons. Section 5 contains the only provision to be found in the act relating to conferring rights upon relatives, and this section excludes relatives from the right to loans. Indeed, the power to enact Chapter 201, so far as it related to expenditures to be made thereunder, was conferred upon the legislature by Article XI-c, and the power so conferred, so far as it relates to expenditures to relatives, was limited by the provision in the Constitution above quoted. As so limited, the legislature had no authority to provide for making expenditures to dependent relatives other than in the payment of a bonus.

For the reason stated, the judgment appealed from must be reversed and the cause be remanded, with directions to dismiss the proceedings.

REVERSED AND REMANDED.