The People of the State of New York ex rel. Sterling S. Beardsley et al., Appellants, against Benjamin H. Barber et al., as Assessors of the Town of Bolton, Respondents.

(Proceedings for 1934 and 1935.)

The People of the State of New York ex rel. Sterling S. Beardsley et al., Appellants, against Benjamin H. Barber et al., as Assessors of the Town of Bolton, Respondents.

(Proceedings for 1937, 1938, 1939, 1940 and 1941.)

Third Department, June 30, 1943.

*Clark, Coughlan & Imrie* (*George R. Coughlan, Jr.* and *Alfred D. Clark* of counsel), for appellants.

*Walter A. Chambers* for respondents.

*Per Curiam.* The real property involved in these certiorari proceedings to review assessments under the Tax Law is Fourteen Mile Island in Lake George with the summer residential buildings thereon. These buildings were erected a number of years ago and constitute an elaborate summer residential property. The assessments were complained of on the ground of overvaluation and inequality. The equalization rates have been stipulated at from sixty-eight per cent to ninety per cent. All proceedings were tried at the same time before a referee. The petitioners showed by experts that the property had a market value considerably below the assessments, based largely upon sales of similar summer Lake George properties, both on islands and the main land. The experts of the respondents attempted to establish values for taxation purposes which would justify the assessments. They based their opinions as to value principally upon the present cost of reproduction of the buildings, docks and other structures, less depreciation. The referee found the actual full value of the property to be greater than the market values claimed by relators, but less than the assessments for every year except 1934 and when equalized at the rates stipulated by the parties, found a substantial overvaluation on the assessment roll for each year involved. He directed that the assessments should be reduced accordingly. The Special Term, however, refused to confirm the report of the referee. The court below relied principally upon the presumption of the correctness of the assessments, a claimed lack of proof of the actual value of the property and the present cost of reproduction, less depreciation. It held that the presumption of correctness continued until the relators' proofs had overcome it by making it clearly and conclusively appear that the assessors employed incorrect methods of assessment and that

the two experts as to value who testified for the relators had not discharged the burden of proof when two others equally qualified opposed them in behalf of the respondents. We do not believe the rule to be so burdensome upon the relators. There is a presumption in favor of the validity of the assessment and the burden necessarily rests upon the one who attacks it to show that it is invalid. (*People ex rel. Postal T.-C. Co.* v. *Tax Comrs.*, 224 N. Y. 167; *Leary* v. *City of New York*, 273 N. Y. 342.) But such presumption is not evidence in the case and may not be considered in weighing the evidence. (*People ex rel. Wallington Apartments* v. *Miller*, 288 N. Y. 31, 33.) The presumption disappeared once the relators made out their *prima facie* case by substantial evidence to the contrary. It could not be used to bolster the evidence of the respondents and the case must then be determined by weighing only the evidence in the case and not by adding to the defense the weight of the presumption.

All experts testified that the property had a market value. Approximately one third of the twenty-five privately owned islands in Lake George in the town of Bolton were sold in whole or in part during the years in question. One of respondents' experts testified that he alone had sold possibly 100 or 150 summer residence properties on Lake George, of which from fifty to sixty were within ten miles of Fourteen Mile Island. Respondents' own experts testified to a fair market value for this island for the years in question. There was also other proof of the sale of a considerable number of private summer residential properties in this section of Lake George. The evidence clearly established the existence of a market for this property.

We believe further that the experts for the respondents and the Special Term gave entirely too much weight to the element of present reproduction cost, less depreciation. There was proof of the sale of a number of similar properties at figures far below what it would cost to reproduce the structures thereon, less depreciation. Some of the structures on Fourteen Mile Island were no longer of much use or value to the property. For example a large steamboat dock was given by the respondents a value at its cost of reproduction, less depreciation, although large steamboats no longer ply the waters of Lake George and the dock was now entirely too large for the present needs of the property and was being maintained only at considerable cost. It appeared to be a liability rather than an asset.

The referee arrived at a value above that of the experts for the relators but below the assessments. We believe that his findings much more nearly represent the actual full value of the property for the years in question than did the assessments. The orders and judgments should be reversed on the law and facts, with fifty dollars costs and disbursements in one proceeding and orders and judgments granted confirming the report of the referee and directing judgments in accordance therewith, with costs.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur; CRAPSER, J., dissents, and votes to affirm.

Orders and judgments reversed on the law and facts, with fifty dollars costs and disbursements in one proceeding and motions granted confirming the referee's report and directing judgments in accordance therewith, with costs.

The court reverses all findings of fact and conclusions of law contained in the order refusing confirmation, dated July 17, 1942, and ratifies and adopts and makes as its own all findings of fact and conclusions of law contained in the referee's report dated January 17, 1942.