Carswell, J.
We are required to pass upon the constitutionality of two statutes. One is subdivision (c) of section 12-a of the Civil Service Law, and the other is section 3022 of the Education Law (L. 1949, ch. 360), the so-called “ Feinberg Law.” 'The former bans organizing a society or group advocating the overthrow of the State or National Government by force, as well as membership therein. The latter implements section 12-a of the Civil Service Law, in respect of its enforcement and, inter alia, provides for the removal of superintendents, teachers and employees in the educational system who continue as members of subversive organizations.
*529 We may not pass upon the validity of administrative action thereunder or Regents’ rules adopted pursuant thereto; such issues are not justiciable in this' action.
The principles to which recourse must be had to resolve the contentions respecting the validity of the challenged statutes are elementary. The application of these principles does not present a novel or unique problem. These principles, and the reasoning vindicating them, have been the subject of prolix exposition in opinions without number. Consequently, after a thorough analysis of the arguments advanced and the cases invoiced, both relevant and irrelevant, it will suffice merely to state our determinative conclusions on the pertinent or decisive contentions pressed upon us.
(1) The wisdom or unwisdom of the challenged statutes and the propriety of their enactment presents a legislative and not a judicial problem.
(2) The offenses defined in section 12-a of the Civil Service Law are crimes under section 161 of the Penal Law and section 2385 of title 18 of the United States Code. These latter enactments have been held to be constitutional. (Gitlow v. New York, 268 U. S. 652; Whitney v. California, 274 U. S. 357; Dunne v. United States, 138 F. 2d 137, certiorari denied 320 U. S. 790.) Hence subdivision (c) of section 12-a of the Civil Service Law is valid.
It is patently within the power of the Legislature, to promote the general welfare and protect the public service, to provide, as 'a reasonable condition governing public employment, that upon the commission of certain offenses described in section 12-a of the Civil Service Law, public employment shall be discontinued. A constitutional right of free speech may be abridged as a condition to the enjoyment of public employment. One does not have a constitutional right to be a public employee except upon compliance with reasonable conditions imposed upon all, or imposed under reasonable classifications. (United Public Workers v. Mitchell, 330 U. S. 75; McAuliffe v. New Bedford, 155 Mass. 216; People ex rel. Clifford v. Scannell, 74 App. Div. 406, affd. on opinion below, 173 N. Y. 606; Friedman v. Schwellenbach, 159 F. 2d 22, certiorari denied 330 U. S. 838; Washington v. Clark, 84 F. Supp. 964; Pawell v. Unemployment Compensation Bd. of Review, 146 Pa. Superior Ct. 147; Matter of Rabouine v. McNamara, 275 App. Div. 1052 ; People v. American Socialist Society, 202 App. Div. 640.) The condition here imposed and the classification made are reasonable.
*530 an hearing on notice, bears'1 fá'titiirál1Gelátióti 'td; 1 thb0 'facts '^^ók 'p’rbsufee'd'utidijf''ijuft<ár^idh'2¡‘cif’’ he'cfíoií130,22 df1 the1'E’duó'áíion 'B*á%,cyateéiy!tti&T Me1' BfkbúíbWdu1 tibes11 tíiil'áWfuliyf tójRÁíMté WeéffifcW’ pl M^GoveBineUf ‘d'áid'til'dy lá„ m’embefiéfe'p'íóyeé h¥s ¥,hovdbdg'e, tlíeréóf. '’d/hd listing''seivdb’W1 .á'p'p.i'is’ó1'híín[1 b'f1{íHfe cindf'dct^f df'tim'd)rg'ainízafiW.' *Thd!'pMsnfáytidn11 íti' thé'„1 íthtiíth is líot*bbteiiiyiyó1,1 'iAereiy^fitiia' f iáBíé,''and4'is' *M' te dsc'fibed'Wíé ui^éV^ 'rMmpH,ífSVt¥í!'emíñ'óteiMt’hife1 ró^n Tibafiñg!
He may deny (a) t membership u,Uuj; ,»I 1 IUa' 1 'Covbfnfñeíiif‘ ® hyÍV fBróe j !|ánd to^ticáéyJ! yhe',‘di^h’dlihd¿tion ahh'ddts áfsliaied ó¥g¥'nizatibnd,’hedtíhh:"'3p22_11ói tii'MEdtic tíoh ®Laiy,!l pf bbidésax'1 fof ’ a‘fiiidmg',' aftéiv;'ávihedfiiíg otite'ó’tícé/i íó'a'll o'f'ganizátionsV1 - a14 (Morgan v. United States, 304 U.S. 1, 15; Tot v. United States, 319 U. S. 463, 467; Casey v. United States 276 U.S. 413, 418; Manley v. Georgia, 279 U. S. 1, 6; People v. Pieri, 269 N. Y. 315, 324; People ex rel. Beardleys v. Barber, 266 App. Div. 371, Affd. 293 N.
Y. tíoh pf bbidés'1 fof ’ a‘fiiidmg',' aftéiv;'ávihedfiiíg otite'ó’tícé/i íó'a'll o'f'ganizátionsV1 - Thé'’'pfbYisi'ofess df the'Státttfé-and üdt‘t]n' __ _____r._0... . _Uh'''pfbYisidhssbf1 thevStátttfé',and üdt'thfe rhferéilcds ill1 thé' 'pféhihble ® airW detdrihihhtive?*’’ 1145 ' */*;m •’*1 ®''*'(Neumann v. City of New York, 137 App. Div. 55, 59; Westchester County S. P. C. A. v. Mengel, 266 App. Div. 151, 155, affd. 292 N. Y. 121; pumpelly v. Village of Oswego, 45 How. Prac. 219; Goodell v. Jackson, 20 Johns. 693, 722.)
ydrty’hh'ddts áfsliaied ó¥g¥'nizatibnd,’hedtíhh:"'3p22_11ói tii'MEdtic tíoh ®Laiy,!l pf bbidés'1 fof ’ a‘fiiidmg',' aftéiv;'ávihedfiiíg otite'ó’tícé/i íó'a'll o'f'ganizátionsV1 - Thé'’'pfbYisi'ofess df the'Státttfé-and üdt‘t]n' __ _____r._0... . _Uh'''pfbYisidhssbf1 thevStátttfé',and üdt'thfe rhferéilcds ill1 thé' 'pféhihble ® airW detdrihihhtive?*’’ 1145 ' */*;m •’*1 ®''*'
*531 ¡TEe ¡chálléñged Statute^'aiti titihstitutioilhl: ~ ’(5.) ,Í^e 'puíe^pf' "Pje' be;¡considered- ,M .No,,lisi,haslvas ¡yet been putiiilhe^igncí !ppie •may»be* witMf&v#. 'and substitutéd-prior to.Tts. práetip&lmppli# cation. : Administrative • procedure ; will; be reviewed-'only -i;al the instance . of a person aliegedly ’ a'g'griSVed thhfhby.1'1'^ (Bandini Co. v. Superior Court, 248 U. S. 8, 22; Town of Pierrepont v loveless, 72 N. Y. 211, 216)
(6) The allegations' in^the1 complaint with respect .-to . pro-posed expenditures by .the defendant are^bipiAss-ly dBuiM^M tiie answer.'1 fbhís issue ’of" fact1 precludes1 ■the',’,'gfahtih^of (a judgment, ondhe; pleadings,in -.favor ,of thp,iplaintiifsr,:r.i|l l&T'% The judgment,! insofar as appealed from should be reversed tin thá láuff ,*Withis$10 'costs* ahd':dibtinfsements-p the mtitiomifor jadgmeMibh^the,' pldhditi& derifddFwifh $ÍÓ ed,stéi,Wd‘‘lMb,cdr6l plaint dismissed, under rule*ÍÍ2 of 'the Rules of11 Óivir'Frabfiób” With i-fist-i ’ * ’ t’ 1 £'¡¿[ -i'U l * Ír vl" I í Of] - i lv' , i! '! ¡ ■: i fiH * VívlRS F
concur. • Nolan,.?. J., SneeDj.'Wenze.l and.MAcUBATE, uu., uw^vu-j..
Judgment,: insofar as appealed from, reversed on tlie.-.law, with.$1Q costs;,and.disbursements., the motion for-judgment on píeasilngs/demeXAtXUti*^ conx^mf]áis, missód, under rulé 112 of thé Rutes of (Divil ^Practice)’ with, costs. 7 '