**AMERICAN ELECTRIC POWER SERVICE CORPORATION et al., Plaintiff and Respondent,**

v.

**STATE of Utah et al., Defendants and Appellants.**

No. 16886.

Supreme Court of Utah.

Oct. 2, 1980.

Ro ..t B. Hansen, Atty. Gen., Leon Halgren, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

Kent W. Winterholler, Robert D. Moore and M. David Eckersley, Salt Lake City, James T. Jensen, Price, for plaintiff and respondent.

MAUGHAN, Justice:

This case is before us on a motion for summary reversal of a declaratory judgment awarded the plaintiffs that Chapter 14, Laws of Utah, 1979, was a valid amendment of our Electricians' Licensing Law.

The 1971 Legislature enacted an Electricians' Licensing Law consisting of 19 sections (Chapter 139, Laws of Utah, 1971). The 1973 Legislature added two more minor sections. In the 1971 session, an unrelated law was also enacted which we will refer to as a safety law. It consisted of three sections (Chapter 166, Laws of Utah, 1971) requiring all installations of electrical equipment to meet the requirements of the National Electric Safety Code.

These two separate acts were placed by the compiler of the Utah code consecutively in Chapter 36 of Title 58. The licensing law was numbered Sections 1 through 19. The safety law was numbered Sections 20 through 22. Both acts contained a section exempting the application of the act in certain instances. The licensing law exemptions are found in Section 15; the safety law exemptions are found in Section 20.

In the 1979 session, Senate Bill 14 was introduced with the intention, according to the plaintiffs, of amending and extending the exemptions contained in Section 15 of the licensing law. The bill passed and is known as Chapter 14, Laws of Utah, 1979. The intent of the bill as expressed in its title was to exempt from licensing requirements persons installing mining equipment for the use of mining companies. The act amended Section 20 of the safety act and placed this new exemption there.

A declaratory judgment action was brought by the plaintiffs to determine the validity of the 1979 amendment. The district court ruled that the legislative intent was clear as expressed in the title of the bill and that this intent prevailed over the literal wording of the body of the bill. The state and the other defendants appeal that judgment and have moved in this Court for summary reversal, as permitted by Rule 73B, U.R.C.P.

The Legislature specifically placed the amendment in Section 20, relating to safety, by amending that section. It did not amend Section 15, relating to licensing. The fact that the title of the bill refers to licensing cannot alter the basic fact that Section 20 does not deal with licensing but deals with safety. The fact that the amendment was placed in Section 20 cannot be ignored and the Court cannot transplant that amendment over to Section 15 by court fiat.

The rule that the title of a bill can be considered in ascertaining legislative intent is simply a rule of construction that permits examination and consideration of the title to assist in interpretation of intent when there are ambiguities or doubts in the wording of the body of the bill. This rule of construction was followed in *Donahue v. Warner Brothers Pictures Distributing Corp.*, 2 Utah 2d 256, 272 P.2d 177 (1954), and *Young v. Barney*, 20 Utah 2d 108, 433 P.2d 846 (1967). However, in the instant case, we are being asked to consider the title of the bill, not to clear up ambiguities in the body, but to find a legislative intent that another section of our code be amended.

No rule of construction has been cited us and we have found none which would permit us to place the amendment in a different section of the code than that specified by the Legislature. See annotation on this subject at 37 A.L.R. 927. There is cited the Nebraska case of *State ex rel. Marrow v. Lincoln*, 101 Neb. 57, 162 N.W. 138 (1917), in which it was held that resort cannot be had to the title of an act for the purpose of enlarging the scope of the statute so as to include a subject not fairly expressed in the body of the act. Also there is cited *Neumann v. New York*, 137 App.Div. 55, 122 N.Y.Supp. 62 (1910), in which the court said "Neither the title of an act nor a preamble contained in it can control the plain words thereof nor extend its purview to objects mentioned in either the title or preamble, but not in the act itself."

The error made by the Legislature in apparently amending the wrong section of the code is so basic that the courts cannot, by a rule of construction, rectify the mistake. The title and the body of the bill deal with different subjects and are at extreme variance from each other. In this instance, the legislative intent cannot be found from the act itself. The words of the Supreme Court of Oregon in *Carson v. Olcott*, 105 Or. 259, 209 P. 610 (1922), are applicable here. "The fact that the title of an act is sufficiently comprehensive to uphold legislation that might have been but was not enacted is no evidence that such omitted legislation was intended to be enacted."

The motion for summary reversal is granted and the judgment below is reversed. Costs to appellants.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.