### ALLEN, Petitioner, v. JONES, State Auditor.

#### (201 N. W. 353.)

(File No. 5732.  Opinion filed December 13, 1924.)

1. **Licenses—Taxation—Words and Phrases—Gasoline—Traction Engine Used in Construction or Repair of "Highway" Held Not "Operated on Highway."**

   Traction engine used in construction or repair of highway is not "operated upon a highway" within Laws 1923, c. 225, Sec. 6, providing for refund of tax on gasoline not used in motor vehicle operated on highway; "highway" as therein used meaning roadway or driveway that can be used for public travel, and not a were right of way upon which a road can be or is being constructed.

2. **Licenses—Taxation—Words and Phrases—Trucks and Tractors—Owner of Tractor or Truck Used for Certain Purposes, Held Not Entitled to Refund of Gasoline Tax Paid; "Operated on Highway."**

   Owner of tractor or truck used for hauling gravel for surfacing or repairing highway, or traveling to and from filling station, held not entitled to a refund under Laws 1923, c. 225, Sec. 6, of gasoline tax paid to dealer pursuant to Sections 3 and 5, as such tractor or truck is operated on a highway within Section 6.

Original proceeding in mandamus by A. M. Allen against Edward A. Jones, as State Auditor. Peremptory writ granted.

*Fuller & Robinson,* of Pierre, for Plaintiff.

*Byron S. Payne,* of Pierre, for Defendant.

POLLEY, J. [1] This is an original proceeding in mandamus. The defendant is the state auditor. During the year 1923 the plaintiff was a contractor·engaged in the construction

and repair of certain public highways in the state under contract let by the State Highway Commission. In the doing of the work under the said contract plaintiff made use of a traction engine in which he used gasoline as fuel. When purchasing gasoline plaintiff paid to the dealer from whom he purchased the same the tax of two cents on each gallon of gasoline so purchased as required by the provisions of section 3, ch. 225, L. 1923, which sum of money was transmitted to defendant as required by the provisions of said statute. Plaintiff, claiming to be entitled to a refund of said money, made demand upon defendant as provided by section 6 of said chapter for a return of said money. Defendant refused to return the same, and plaintiff now asks a peremptory writ of mandamus directing the immediate return of said money.

It is the contention of defendant that the two-cent tax provided for by the above statute is a sales tax, imposed upon dealers in gasoline to be used for all purposes, except those especially exempted by the law, and that the tax should be collected and retained for all gasoline sold except that to be used for the excepted purposes. This, of course, is true, but a determination of this question is not essential to a disposition of this case. The character of the tax is not involved. Under the provisions of section 3 of the act, the dealer collects the tax from the purchaser, and under the provisions of section 5, he must remit the money so collected to the state auditor.

Section 6 of said chapter reads as follows:

"That any person or persons, firm or corporation who shall buy or use any motor vehicle fuel as defined in this act for the purpose of operating or propelling stationary gas engines, tractors used for agricultural purposes, motor boats, airplanes or aircraft, or who shall purchase or use any of such fuel for lighting, heating, cleaning or dyeing or other commercial use of the same except motor vehicles operated or intended to be operated in whole or in part upon any the public highways of the state of South Dakota, on which motor fuel the tax imposed by this act has been paid, shall be reimbursed and repaid the amount of such tax paid by him upon presenting to the state auditor, on a form prescribed by the state auditor, a sworn statement setting forth the total amount of such fuel purchased and used by such consumer other than in motor vehicles operated or intended to be operated upon

any of the public highways of the state of South Dakota and the purpose for which said motor vehicles upon which he claims exemption from said tax was used, and such other information as the state auditor shall require, and the said state auditor upon the presentation of such sworn statement shall cause to be repaid to such consumer from the taxes collected on motor vehicle fuels, the said taxes on fuels purchased or used than for motor vehicles as aforesaid: provided, that such applications for and refunds of such taxes shall be made not oftener than at the beginning of the quarter of each calendar year."

The meaning of this section is that a purchaser of gasoline who has paid the two-cent tax thereon is entitled to a return thereof on all gasoline used for "commercial purposes," except such as is used in motor vehicles "operated or intended to be operated in whole or in part upon any of the public highways of the state." The only question then to be determined is whether a traction engine used in the construction, repair, or maintenance of a highway is being "operated" upon a highway within the meaning of this statute.

[2] It is the contention of plaintiff that this clause in the law applies only to such motor vehicles as are being used on the highways for "transportation" purposes of some kind, as distinguished from use in the "construction, repair or maintenance" of such highways; while, on the other hand, defendant contends that the exemption is not "provided for one who purchases gasoline for use in a motor vehicle on the public highways of the state, no matter what the use may be." And in support of this contention defendant calls our attention to that clause in section 6 which expressly exempts gasoline to be used in "tractors used for agricultural purposes," claiming that, having expressly excepted tractors used for agricultural purposes, the exception does not apply to tractors used for any other purpose. Ordinarily, this would be the rule, but we believe that the clause "other commercial purposes" is broad enough to apply to tractors used in the construction of a highway. A tractor being used in the construction of a highway is not being "operated upon" a highway in any proper sense whatever. The word "highway," as used in the clause, "motor vehicles operated or intended to be operated * * * upon any of the highways in the state" (section 6, ch.

225, L. 1923), means a roadway or driveway that can be used for public travel. It does not mean a mere right of way upon which a road can be or is being constructed. On the other hand, a tractor or truck in which gasoline is being used as fuel, used for hauling (transporting) gravel for surfacing or repairing a highway, or a truck or tractor traveling on a highway to and from a filling station, is being "operated" on a highway within the meaning of the statute and is included in the exception. On gasoline used in this manner the two-cent tax should not be refunded.

We believe plaintiff is entitled to the relief prayed for, and a peremptory writ will be granted.

DILLON, J., not sitting.

Note.—Reported in 201 N. W. 353. See, Headnotes (1) and (2), American Key-Numbered Digest, Licenses, Key-No. 34, 25 Cyc. 621.