[L. A. No. 12276. In Bank.—September 25, 1930.]

GEORGE H. OSWALD et al., Respondents, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellants.

Geo. De Lany Blair for Respondents.

SHENK, J.—This is a proceeding in *mandamus* wherein the plaintiffs, who are engaged in the business of constructing, paving and repairing public highways, seek to compel the defendants, as state treasurer and controller, respectively, to refund the sum of $128.01, paid to the state under the Gasoline Tax Act, for motor fuel used during the

month of January, 1926. The complaint is in two counts. The first count alleges that the "plaintiffs used certain rollers for the purpose of rolling and compressing asphalt and other materials in the construction and paving of certain highways in the state of California and that said rollers used in the construction and paving of said highways were used only on highways that were closed to the public and under repair or construction and that said rollers were not at any time operated or rolled over any highway or portion thereof that was not under construction or repair, and closed to the public." The second count contained similar allegations as to tractors used in the repair and construction of highways closed to the public.

The trial court overruled a general demurrer to the complaint and to each count thereof. The defendants declined to answer and judgment was entered for the plaintiffs as prayed. The defendants appeal.

The Gasoline Tax Act in force at the time in question provided, in section 11 thereof (Stats. 1925, p. 660), that "Any person, firm, association or corporation who shall buy and use any motor vehicle fuel for purposes other than in motor vehicles operated, or intended to be operated upon the public highways of the state of California . . . and who shall have paid any license tax for such motor vehicle fuel hereby required to be paid . . . shall be reimbursed and repaid the amount of such tax paid by him or it upon presenting to the state controller an affidavit" in support of his claim, verified as provided in the act. The sole question presented is whether the plaintiffs fall within the classification of those exempted from the license tax as to motor vehicle fuel consumed in the particular use alleged. The trial court concluded that the alleged use was covered by the exemption and we are satisfied that its conclusion was correct.

The Gasoline Tax Act was intended to provide for a license tax on motor vehicle fuel used on public highways of the state available for public travel and in aid of the construction, maintenance and repair of public highways. Obviously, it was not intended to require a license tax on motor fuel used exclusively on the right of way under construction.

When, as here, the rollers and tractors are being used in such construction, the public highway is not being "op-

erated upon" in the sense intended by the statute. Practically this same question was presented to the Supreme Court of South Dakota in *Allen* v. *Jones,* 47 S. D. 603 [201 N. W. 353], where it was held that a traction engine while in use in the construction of a highway is not "operated upon a highway" as contemplated by a Gasoline License Tax Act of that state, similar in effect to our own statute with regard to exemptions. It is pertinently observed in that case, however, that motor fuel used in propelling tractors or trucks in the transportation of road building material or motor fuel to or from the site of construction is used in "operation upon" the highways and is not purchased subject to refund.

The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., Preston, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.