Des Moines Asphalt Paving Company, Appellee, v. R. E. Johnson, Treasurer of State, Appellant.

No. 41278.

December 16, 1931.

John Fletcher, Attorney-general, and Gerald O. Blake, Assistant Attorney-general, for appellant.

Walter L. Stewart and Ben J. Gibson, for appellee.

Faville, C. J.—Code Section 5093-a8 is as follows:

"Any person who shall buy or use any motor vehicle fuel for the purpose of operating or propelling stationary gas engines, tractors used for agricultural purposes, motor boats, airplanes or aircraft, motor vehicles, trucks and tractors owned and operated by the state of Iowa, or by a municipality for municipal purposes within the state, or who shall purchase or use any motor vehicle fuel for cleaning or dyeing, or for any other commercial use except for propelling motor vehicles operated in whole or in part upon the public highways of the

state or upon the streets of any city or town in the state, shall be reimbursed and repaid the amount of such license fee paid by him, upon presenting to the treasurer of state a statement accompanied by the original invoices showing such purchase which statement shall set forth the total amount of motor vehicle fuel so purchased, paid for and used by such consumer other than for propelling motor vehicles operated or intended to be operated in whole or in part upon any of the public highways of this state or upon the streets of any city or town of this state and the treasurer of state shall, upon the presentation of such invoice, cause to be repaid from the funds collected hereunder, the amount of such license fee paid by such consumer on motor vehicle fuel used for purposes other than propelling motor vehicles as hereinbefore provided. All applications for refunds or reimbursements as provided for in this chapter shall be filed with the treasurer of state on blank forms provided by him for that purpose within ninety days after the date on which such motor vehicle fuel shall have been purchased as shown by the invoice. Any person, firm, or corporation who shall make any false statement in connection with an application for the refund of any money or license fee as herein provided or who shall collect or cause to be repaid to him or any person, any such fees, without being entitled to the same under the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not to exceed one thousand dollars.''

The appellee alleges that it is engaged in the business of constructing highways, particularly in grading and paving primary roads; that it was awarded a contract for the construction of what is known as Primary Road No. 2 in Madison County, Iowa, by the State Highway Commission; that during the construction of a portion of said highway the same was set off from public travel and devoted entirely to the purposes of construction; that in the work of construction the appellee was required to use certain machinery which it is alleged was susceptible of motion under its own power over the public highways, and that the gasoline for which refund is sought was used wholly by such machinery in the construction of said road upon the portion that was not opened to public travel but had been closed for purposes of construction. The amount of gasoline

so used for said purpose is alleged in the petition, and a writ of mandamus is sought to compel the State Treasurer to grant a refund to the appellee. The appellant filed a motion to dismiss the petition on the ground that the facts stated do not entitle the appellee to the relief demanded. This motion was overruled, and order of refund entered as prayed.

The sole question for our determination is whether or not, under the pleaded facts, the appellee is entitled to a refund of the amount of tax paid upon the gasoline used by the appellee in its machinery in grading, paving, and improving that portion of the highway which was segregated and set apart by the State Highway Commission for the purpose of making such improvement thereon. It is the contention of the appellant that the portion of the highway set off for purpose of construction and upon which the public was for the time being prohibited from traveling, was, nevertheless, during such process of construction a public highway, and that under the terms of the statute above quoted, the gasoline was being used "for propelling motor vehicles operated in whole or in part upon the public highways of the state."

It is elementary that we must construe this statute to, if possible, arrive at the legislative intent. The statute provides for a refund of the tax paid for gasoline that is used for operating stationary gas engines, tractors used for agricultural purposes, and certain other instrumentalities, and also gasoline used for cleaning or dyeing, or for *any other commercial use.* The last provision is qualified by the clause, "except for propelling motor vehicles operated in whole or in part upon the public highways of the state." It is the contention of the appellant that a road-grading machine which is operated under its own power, and which is used in the construction of a portion of a public highway which has been segregated and set off from public use for the purpose of construction, is a motor vehicle "operating in while or in part upon the public highway," and hence, under the terms of the statute, no refund can be granted for gasoline used in such machine.

The proposition of the appellant may be illustrated in this way: Assuming that an entirely new strip of road is duly laid out and established by proper legal authority, but has never yet been opened to the public, and gasoline is used in a grading

machine that is operated along the line of said established highway for the purpose of improving it and making it subject to travel, would the gasoline used in said machine, within the purview of this statute, be subject to refund? In such a case the work would be done by a machine moving under its own power upon an established public highway, which, however, had never been opened to public use. We do not think it could possibly have been the legislative intent to deny a refund under such circumstances. It was the purpose of the legislature to exempt from the tax and permit a refund for gasoline that was used for any commercial purpose. We think the appellee was entitled to a refund for the gasoline used for the purpose shown even though the particular spot where it was so used might have been a portion of an established highway, but one from which the public was at the time wholly excluded.

The question is one of first impression in this court, and, as far as we are advised, has been before only two courts for consideration. The states of South Dakota and California each have statutes practically identical in phraseology, and certainly in meaning, with the statute of this state. In Oswald v. Johnson, 291 Pac. (Cal.) 579, the Supreme Court of California said:

"The Gasoline Tax Act was intended to provide for a license tax on motor vehicle fuel used on public highways of the state available for public travel and in aid of the construction, maintenance, and repair of public highways. Obviously, it was not intended to require a license tax on motor fuel used exclusively on the right of way under construction. When, as here, the rollers and tractors are being used in such construction, the public highway is not being 'operated upon' in the sense intended by the statute. Practically this same question was presented to the Supreme Court of South Dakota in Allen v. Jones, State Auditor, 47 S. D. 603, 201 N. W. 353, where it was held that a traction engine while in use in the construction of a highway is not 'operated upon a highway' as contemplated by a Gasoline License Tax Act of that state, similar in effect to our own statute with regard to exemptions. It is pertinently observed in that case, however, that motor fuel used in propelling tractors or trucks in the transportation of road building material or motor fuel to or from the site of construction is used

in 'operation upon' the highways and is not purchased subject to refund.''

The decision of the Supreme Court of South Dakota in Allen v. Jones, 47 S. D. 603 (201 N. W. 353), which is cited and referred to in the decision of the Supreme Court of California, is on all fours with the case at bar. We reach the same conclusion as announced by these courts of our sister states in construing a statute similar to the one under consideration. It follows that the appellee was entitled to a refund for the tax paid on the gasoline used in the machinery of the appellee for the construction work upon that portion of the highway which had been barricaded and set off by the State Highway Commission for the purpose of improvement and to which the public was denied access at the time of the construction.

The decree of the trial court was correct, and it is—Affirmed.

All Justices concur.