SAVIN CONSTRUCTION CO. *v.* FREDERICK N. CLARKE, *Comm'r.*

*Varney, Levy & Winton* (*Mr. Winton* of Maine orally), for the plaintiff.

*Gordon M. Tiffany,* Attorney General and *John N. Nassikas,* Assistant Attorney General (*Mr. Nassikas* orally), for the defendant.

DUNCAN, J. The current motor vehicle road toll was first established in New Hampshire by act of the Legislature in 1923. Laws 1923, c. 75; P. L., c. 104. The act under which the defendant seeks to recover tolls of the plaintiff is an amendment of the original act. Laws 1943, c. 65. Like it, it provides for a refund of tolls exacted where the motor fuel upon which the toll was imposed is used "in any way other than in motor vehicles for the purpose of generating power for the propulsion thereof upon the public highways." Laws 1943, c. 65, s. 16. Three categories of "public highways" are defined by the act, the first being "highways [such] as are laid out in the mode prescribed therefor by statute." Id., s. 2 (III). It is not disputed that the toll road in question was so laid out. Neither is it disputed that the fuel used by the plaintiff was fuel to which the act applies. The real issue between the parties is whether the use made by the plaintiff was one which may properly be subjected to the road toll. In our opinion it was not.

In the view which the defendant espouses, the highway was a public highway within the definition contained in the act. At the time of the plaintiff's use it had been laid out in accordance with law, although its construction had not been completed and it had not been opened to public travel. It was literally within the definition of the act. The plaintiff takes the position that the Legislature intended to impose no toll until such time as the right of way should be open for public travel by motor vehicle, and urges that this requirement should be implied in the statutory definition of a public highway.

"So far as a proper layout was concerned, . . . the road in question was a public highway . . . . In other respects the circumstance was not important . . . . The question of when in the process of construction land laid out as a public highway actually becomes one . . . need not be determined. . . ." Savoie v. Company, 95 N. H. 67, 73. The right of the defendant to recover is to be determined in this case by the nature of the use made by the plaintiff, rather than by the stage of development of the highway at the time that the use was made. Was it such a use as the Legislature intended should be the subject of a charge, is the question to be determined.

Prior to establishment of a motor vehicle road toll in 1923, the House of Representatives made inquiry of this court concerning the constitutionality of a proposed gallonage tax upon gasoline. It was advised that a tax upon the privilege of selling gasoline

would be unconstitutional, but that such a "charge, or toll, for the use of the public highways of the state" might lawfully be imposed. *Opinion of the Justices,* 81 N. H. 552, 554. The Legislature was further advised: "No reason appears why the legislature may not impose upon those who accept the benefits of such highway improvement and maintenance a reasonable charge for the use made. . . . The purpose . . . is 'to secure some compensation for the use of facilities provided at great cost from the class for whose needs they are essential and whose operations over them are particularly injurious.' *Hendrick* v. *Maryland,* [235 U. S. 610] 622." *Id.,* 555. Consistently with this advice, the original act as adopted was limited in its application to gasoline used "for the propulsion of motor vehicles upon highways." P. L., *c.* 104, *s.* 7. The measure was subsequently sustained as a provision for "recompense exacted for the use of the state's highways." *Tirrell* v. *Johnston,* 86 N. H. 530, 533, *aff.* 293 U. S. 533.

In the light of this history, the conclusion is unavoidable that the motor vehicle road toll of this state was intended by the Legislature to be "a charge for . . . subjecting . . . roads to a given amount of destructive use" or "wear and tear." *Tirrell* v. *Johnston, supra,* 537. See also, *Opinion of the Justices,* 88 N. H. 500, 505. No other conclusion can reasonably be reached.

The plaintiff in constructing the highway operated its vehicles "exclusively for construction purposes within the limits of the Toll Road project," according to an unquestioned finding by the Trial Court. By doing so, it did not bring itself within the class of "those who accept the benefits" of highway facilities provided for the public by the State. *Opinion of the Justices,* 81 N. H. 552, 555, *supra.* The record contains no basis for finding that operation of the plaintiff's vehicles resulted in any wear and tear upon the highway for which the State should properly receive compensation. The use made was not of highway facilities furnished by the State for travelers, but one incidental to the construction of such facilities for the State. If at some stage of the work the partially built highway was subjected to destructive use by the plaintiff's vehicles, yet performance of the plaintiff's contract would require it to furnish the State with a finished highway, with any such destruction repaired.

The plaintiff used the right of way not under a license extended to highway users generally, but by special license arising out of its contract with the State. It is not suggested that the contract made

payment of a toll a condition of exercise of the license. Under the circumstances, imposition of the statutory road toll could be made only in disregard of the disclosed purpose of the Legislature and the fundamental nature of the statutory charge. We are therefore of the opinion that the decree of the Trial Court was without error.

The basis upon which our conclusion rests makes it unnecessary to consider whether the status of the highway at any particular time during construction was such that a member of the general public might use it without subjecting himself to the toll. *Cf. Savoie* v. *Company, supra*. The question is not presented. The view here taken is supported by decisions of other jurisdictions in cases arising under comparable circumstances. *Allen* v. *Jones,* 47 So. Dak. 603; *Oswald* v. *Johnson,* 210 Cal. 321; *Des Moines Asphalt Paving Co.* v. *Johnson,* 213 Ia. 594.

*Exceptions overruled.*

All concurred.