[Civ. Nos. 11926, 11927.   Third Dist.   Apr. 23, 1969.]

JOHN M. DeFOREST, Plaintiff, Cross-defendant and Appellant, v. HOUSTON I. FLOURNOY, as State Controller, Defendant, Cross-complainant and Respondent.

(Consolidated Appeals.)

Noland, Hamerly, Etienne & Fulton and Paul M. Hamerly for Plaintiff, Cross-defendant and Appellant.

Thomas C. Lynch, Attorney General, Ernest P. Goodman, Assistant Attorney General, and Edward P. Hollingshead, Deputy Attorney General, for Defendant, Cross-complainant and Respondent.

FRIEDMAN, Acting P. J.—This is a consolidated appeal in two lawsuits. Each suit seeks refund of the motor vehicle fuel license tax collected by the State Controller on gasoline purchased by plaintiff during a period in the years 1962 through 1964. Plaintiff appeals from adverse judgments.

The Motor Vehicle Fuel License Tax Law includes section 8101, Revenue and Taxation Code, directing refund of the gasoline tax to certain nonhighway users. During the time in question section 8101 provided in part: ''The following persons who have paid a license tax for motor vehicle fuel, either directly or to the vendor from whom it was purchased, or indirectly by the adding of the amount of the tax to the price of the fuel, shall be reimbursed and repaid the amount of the tax:

''(a) Any person who buys and uses the motor vehicle fuel for purposes other than in motor vehicles operated or licensed to be operated upon the public highways of the State . . . .''[1]

Plaintiff was in the business of leasing out trucks for agricultural harvesting. His customers paid rental charges based primarily on the amount of produce hauled. The customers employed the drivers. Some of the trucks were used entirely in the fields and not driven on the highways at all. Others were operated partly over the fields and partly on the highways. Plaintiff purchased and supplied the gasoline. The trucks returned to his establishment each night and were fueled from his storage tank. He did not bill the customers for the gasoline, but recovered the cost as part of the rental charge.

There is no dispute over the quantity of gasoline consumed in on-highway driving or over plaintiff's liability for the tax on that quantity. As to the gasoline consumed in off-highway operations, the question is whether plaintiff was a

---

[1]This version of the statute was the product of a 1961 amendment (Stats. 1961, ch. 712). That amendment included a proviso establishing a formula for an apportioned refund covering travel partially on and partially off the highways. The present dispute centers around the language preceding the proviso, hence we do not quote the proviso itself. The proviso was eliminated in 1968 (Stats. 1968, ch. 1217), but the pivotal reference to a ''person who buys and uses'' vehicle fuel was not disturbed.

person who "uses the motor vehicle fuel" within the meaning of the refund statute. The state contends that he was not.

Although plaintiff's business did not include physical operation of the trucks, he utilized the gasoline for profit in the trucks he leased. In the context of other tax statutes the word "use" covers the utilization of property for profit-making purposes, including leasing; it is by no means restricted to physical use. (*Union Oil Co.* v. *State Board of Equalization* (1963) 60 Cal.2d 441, 447-448, 452 [34 Cal.Rptr. 872, 386 P.2d 496].) The word, of course, varies in meaning with the objective of the particular tax statute.

With certain exceptions, the net proceeds of this tax move through the Motor Vehicle Fuel Fund into the Highway Users Tax Fund, which is appropriated for street and highway purposes. (Cal. Const., art. XXVI, § 2; Rev. & Tax. Code, § 8352; Sts. & Hy. Code, § 2101.) ▌ Thus the tax statute's objective is to raise money for public highways. The objective of the refund provision is to lift the tax burden from gasoline consumption which creates no need for highway expenditures. (See *Oswald* v. *Johnson* (1930) 210 Cal. 321 [291 P. 579]; *Guardia* v. *Johnson* (1933) 134 Cal.App. 574 [25 P.2d 856].)

▌ In the general or nonstatutory connotation, both plaintiff and his customers used the gasoline, plaintiff in the sense of economic utilization, the customers in the sense of ultimate consumption. According to the statute, the refund is payable only to a person who bought the gasoline and paid the tax on it. Although the customers bore the ultimate cost of the gasoline, they neither bought it nor paid the tax on it. Both cost and tax were buried in the rental charges. Thus the customers are ineligible for the refund. Plaintiff did buy the gasoline and pay the tax. If he did not use it, he too is ineligible for the refund. The result would be the state's retention of the tax for off-highway truck operations, a windfall to the state which defeats the objective of the refund provision. That objective—to lift the tax burden from gasoline consumption which does not burden the highway system —demands that "use" be construed to include the gasoline utilization made in plaintiff's leasing business.

▌ The state relies on the rule of strict construction of tax exemption laws against the taxpayer. That rule does not sanction defeat of the exemption statute's objective. (*Westminster Memorial Park* v. *County of Orange* (1960) 54 Cal.2d 488, 494-495 [6 Cal.Rptr. 775, 354 P.2d 247].)

The judgments are reversed and the actions remanded to the trial court with a direction to enter judgments consistent with this opinion.

Regan, J., and Janes, J., concurred.