DAVE GUSTAFSON & CO., Inc., Appellant

v.

STATE, Respondent

(169 N.W.2d 722)

(File No. 10529. Opinion filed August 5, 1969)

Rehearing denied September 10, 1969

**May, Boe & Johnson** and **Gale E. Fisher,** Sioux Falls, for plaintiff and appellant.

**Frank L. Farrar,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for defendant and respondent.

ROBERTS, Judge.

Plaintiff, a contractor engaged in constructing and repairing highways, seeks a refund in the sum of $31,845.24 paid by him under the Use Fuel Tax Act, enacted by Chapter 362, Laws 1941 (SDCL 1967, Chap. 10-48), for motor fuel used in the construction of interstate highways. The right-of-ways were acquired by the state prior to commencement of construction and not opened for public travel during construction.

The title of the Use Fuel Tax Act reads: "An Act Levying a Tax of Four Cents Per Gallon Upon All Gases and Liquids Used in the Internal Combustion Engines For the Generation of Power to Propel Vehicles on the Public Highways of the State of South Dakota, Except Such Fuels as are Subject to the Tax Imposed by Chapter 57.38 of the South Dakota Code of 1939 and to Make Uniform the Law with Reference Thereto." The Use Fuel Tax Act is thus designed to complement the Motor Vehicle Fuel Tax Act. The latter imposes a tax upon "motor fuel" which by definition, SDCL 1967, § 10-47-1, includes "all products commonly or commercially known or sold as gasoline."

SDCL 1967, § 10-48-2, provides: "An excise tax is hereby imposed on all users of fuel upon the use of such fuel by any person within this state only when such fuel is used in an internal combustion engine for the generation of power to propel motor vehicles of any kind or character on the public highways at the rate of seven cents per gallon, except liquefied petroleum gases which shall be at the rate of six cents per gallon, each to be computed in the manner hereinafter in this chapter set forth."

SDCL 1967, § 10-48-1, contains definitions of words, terms and phrases as used in the Use Fuel Tax Act. Sub. (3) thereof defines "Public Highways" as meaning and including "every way or place, of whatever nature, generally open to the use of the public as a matter of right for the purposes of vehicular travel and notwithstanding that the same may be temporarily closed for the purpose of construction, reconstruction, maintenance or repair."

SDCL 1967, § 10-48-60, provides that any fuel tax illegally or erroneously collected may be recovered by the person pay-

ing the same in a suit at law against the state whether or not the tax was paid voluntarily or under protest.

The trial court held that plaintiff was not entitled to a refund of the taxes paid upon fuel used in highway construction including fuel used in the initial construction of highways within interstate right-of-ways. Counsel concedes that such ruling may be correct insofar as existing highways are concerned notwithstanding they may be temporarily closed for reconstruction or repair. It is contended that under the decision of this court in Allen v. Jones, 47 S.D. 603, 201 N.W. 353, a right-of-way is not within the purview of the term "public highways". It was there held that the gasoline tax statute, Chapter 225, Laws 1923, did not purport to impose a tax on gasoline consumed in a tractor being used in the construction of a highway. This court said: "A tractor being used in the construction of a highway is not being 'operated upon' a highway in any proper sense whatever. The word 'highway,' as used in the clause, 'motor vehicles operated or intended to be operated * * * upon any of the highways in the state' * * * means a roadway or driveway that can be used for public travel. It does not mean a mere right of way upon which a road can be or is being constructed."

Since the decision in Allen v. Jones, supra, there have been many legislative changes in gasoline tax statutes. The legislature by Sec. 1, Chap. 200, Laws 1935, amending Sec. 15, Chap. 13, Laws of the 1933 Special Session, for the first time, incorporated a provision reading as follows: "No tax refund shall be paid to any person, firm, or public or private corporation on any motor fuel used in any highway construction or maintenance work which construction or maintenance work is paid for from public funds." This provision has not been omitted from the statutes of this state (SDCL 1967, § 10-47-47) and makes inapplicable the reasoning of the decision in Allen v. Jones, supra, to refund of taxes paid on motor fuel commonly known as gasoline and used in any highway construction or maintenance work for which public funds were expended.

All section lines under a grant of Congress (§ 8, Ch. 262, 14 Stat. 253, 43 U.S.C.A. § 932) having been accepted by Chap. 33, Laws Dak.Ter.1871, became public highways from the time of the grant. Wells v. Pennington County, 2 S.D. 1, 48 N.W. 305; Lawrence v. Ewert, 21 S.D. 580, 114 N.W. 709. The statute, SDCL 1967, § 31-18-1, declaring that there is "along every section line in this state a public highway located by operation of law", means that they are highways which every citizen has a right to use and that no action by highway or other officials is required to establish or open such highways. Lawrence v. Ewert, supra; Gustafson v. Gem Township, 58 S.D. 308, 235 N.W. 712.

■ The definition of "public highways" as used in the Use Fuel Tax Act is cast substantially in the language of a 1929 statutory definition. The legislature in that year enacted the Uniform Motor Vehicle Act, Chap. 251, Laws of 1929, and therein set forth the words "Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel" in its definition of "highways". There have been no changes in this definition. SDCL 1967, § 32-14-1. The word "generally" precedes the words "open to the use of the public" in the definition of what constitutes a "public highway" in the act before us. The distinguishing criterion of a "public highway" is that it must be a way which is open generally to public travel as a matter of right. See 39 C.J.S. Highways § 1(b).

■ ■ Section-line highways, except where some portion thereof has been vacated or relocated, and existing highways open to the use of the traveling public fall within the definition of "public highways". So far as the right of a contractor to refund of use fuel taxes is concerned, it is not material whether such a highway continues open to the traveling public or is in the language of the statute "temporarily closed for the purpose of construction, reconstruction, maintenance or repair". Otherwise, there would be no difference between a highway which was public, but closed to travel, and a highway not public because not yet open to public travel.

The term "public highway" means something more than a right-of-way over which a highway may be constructed. Lawrence v. Ewert, supra. The State Highway Commission is authorized and empowered to locate and acquire right-of-way for establishment and construction of interstate highways. SDCL 1967, Chap. 31-7; Darnall v. State, 79 S.D. 59, 108 N.W.2d 201. With the possible exception of the inclusion of existing highways, interstate right-of-ways are not open to public travel as a matter of right. The Use Fuel Tax Act is an independent statute complete in itself and although gasoline consumed in construction work on interstate right-of-ways is taxable under the gasoline tax statute (SDCL 1967, Chap. 10-47), the legislature has not under the same circumstances imposed a use fuel tax. Although the legislature indicated an intention in the title of the Use Fuel Tax Act to make uniform the statutes under consideration, this court cannot read meaning into a statute that is not warranted by legislative language. Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443. We conclude that interstate right-of-ways not opened to public travel after acquisition and during construction are not "public highways" within the meaning of the Use Fuel Tax Act and therefore no tax on fuels used in initial construction thereon is imposed.

Judgment reversed.

All the Judges concur.