PARSON ASPHALT PRODUCTS, INC.,
Petitioner and Respondent,

v.

UTAH STATE TAX COMMISSION,
Defendant and Appellant.

No. 16797.

Supreme Court of Utah.

Sept. 5, 1980.

Robert B. Hansen, Atty. Gen., Mark K. Buchi, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

LaVar E. Stark, Ogden, for petitioner and respondent.

CROCKETT, Chief Justice:

Defendant Tax Commission appeals from findings and judgment of the district court that petitioner, Parson Asphalt Products, was exempt from the payment of $24,196.82 taxes on motor fuels it had used in reconstruction on the causeway which connects Davis County to the north end of Antelope Island in the Great Salt Lake. The Tax Commission had rejected petitioner's contention that the fuel was not used to operate motor vehicles on the public highways and was thus exempt under Sec. 41–11–50, U.C.A.1953, and the petitioner sought re-

view in the district court, as provided in Sec. 59–24–2(1).[1]

The road in question runs the seven miles between Syracuse and the north end of Antelope Island and since its construction in 1965, has been designated as a state highway. Due to variations in lake level, stormy weather, and severe winter conditions, large sections of the road would wash out each year and the highway had to be closed from four to six months for reconstruction work. From its inception in 1965, the State has expended about $25,000 per year on maintenance of the road and, up to 1973, had let several contracts for more extensive repairs to private contractors, totaling $1,200,000. It was then decided to raise, renovate and make a substantially different type of roadway. The contract to accomplish that objective was let to the plaintiff.[2]

The controversy here involved arises from the Commission's ruling that the motor fuels used by the plaintiff in the reconstruction of the roadway are subject to tax as being "used to operate motor vehicles upon a public highway" within the meaning of our statutes, whereas the plaintiff contends that they are exempt.

The relevant statutory provisions are Section 41–11–50 of our Use Fuel Tax Act,[3] which provides that:

A tax is hereby imposed at the rate of seven cents per gallon on the sale or use of special fuel, *provided that the sale or use of special fuel for any purpose other than to operate or propel a motor vehicle upon the public highways of Utah shall be exempt from the application of this tax.* [Emphasis added.]

and Section 41–11–49(c), which defines the term "highway" as

... every way or place, of whatever nature, generally open to the use of the public for the purpose of vehicular travel notwithstanding that the same may be temporarily closed for the purpose of construction, reconstruction, maintenance or repair.

■ In considering the application of those statutory provisions to this controversy, we note our agreement with certain principles advocated by the Commission: that taxes should be imposed equally and without · discrimination so that everyone bears his fair share of the tax burden.[4] Even though taxing statutes should generally be construed favorable to the taxpayer and strictly against the taxing authority,[5] the reverse is true of exemptions. Statutes which provide for exemptions should be strictly construed,[6] and one who so claims has the burden of showing his entitlement to the exemption.[7] Notwithstanding the foregoing, there is also to be considered the over–arching principle, applicable to all statutes, that they should be construed and applied in accordance with the intent of the Legislature and the purpose sought to be accomplished.[8]

1. That section states: "Within 30 days after notice of any decision by the state tax commission ... any aggrieved party ... may appeal or petition for review to the tax division of the district court . .."

2. The bid was $1,894,000 and the petitioner was subsequently paid $2,209,627 for the work which was performed.

3. S.L.U.1941, Chapter 53, Sec. 3.

4. See statement in *Thiokol Chemical Corp. v. Peterson*, 15 Utah 2d 355, 393 P.2d 391, 396 (1964).

5. See *Pac. Int. Express Co. v. State Tax Comm'n*, 8 Utah 2d 144, 329 P.2d 650 (1958), and authorities therein cited.

6. 71 Am.Jur.2d, State and Local Taxation, § 326; *Salt Lake County v. Tax Comm'n*, Utah, 548 P.2d 630 (1976); *Great Salt Lake Minerals & Chemicals Corp. v. State Tax Comm'n*, Utah, 573 P.2d 337 (1979).

7. *Parker v. Quinn*, 23 Utah 332, 64 P. 961 (1901); *Salt Lake County v. Tax Comm'n*, supra, note 4.

8. 71 Am.Jur.2d, State and Local Taxation, § 326. See statements in *Great Salt Lake Minerals & Chemicals Corp. v. State Tax Comm'n*, supra, note 4; *Willamette University v. State Tax Comm'n*, 245 Or. 342, 422 P.2d 260 (1966).

Our Tax Court Act, enacted by Chapter 80, S.L.U.1977, and codified as Chapter 24 of Title 59, U.C.A.1953, authorizes review by the district court of decisions of the Tax Commission. Section 59–24–3 thereof provides that the review is to be de novo: that is, a new trial in which all questions of law and fact are addressed to that court. Such proceedings are governed by the rules applicable to other trials; and appeals may be taken therefrom to this Court.[9]

The essential facts found by the trial court are that the old part–time road was inadequate for its purpose; and that even though the project undertaken by the plaintiff was on the old roadbed, it was so substantially raised, widened and improved that it amounted to the construction of a completely new road. Further, the plaintiff used large heavy–duty off–road equipment in the construction of the highway. Due to those facts, the court concluded that the fuel was not "used upon the public highways" within the intent and meaning of the motor fuels taxing statute, quoted above.

 Correct principles of uniformity of taxation justify the Commission's urgence that the statute was intended to impose a tax on all fuel used by motor vehicles traveling on the public highways; and we have no doubt that this would apply to all types of vehicles which travel upon public highways, even though they may be engaged in the maintenance or repair of such highways.[10] But we do not see that as negating the view taken by the trial court that the tax was not intended to apply to fuel used by large, specialized earth–moving and construction equipment, which was not designed to travel on the highways, while it was being used in the construction of a highway which was not open to public use.[11]

The review by this Court of the judgment of the district court in these Tax Commission review proceedings is on the same basis as other judgments: They are entitled to the presumptions of verity;[12] the burden is upon the appellant to show there was error; and this Court will not reverse unless the findings are without substantial support in the evidence, or there was error in law, none of which we have found present here.

Affirmed. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

9. Art. VIII, Sec. 9, Utah Const. provides: "From all judgments of the district courts, there shall be a right of appeal to the Supreme Court."

10. See language in Section 41 11–49(c), quoted supra; *State v. Louisiana Oil Corp.*, 174 Miss. 585, 165 So.2d 423 (1936).

11. See generally, 71 Am.Jur.2d, State and Local Taxation, §§ 616, 629; *Oswald et al. v. Johnson*, 210 Cal. 321, 291 P. 579 (1930); *State v. Louisiana Oil Corp.*, supra, note 7; *Dave Gustafson & Co. v. State*, 84 S.D. 238, 169 N.W.2d 722, 725 (1969). In *Allen v. Jones*, 47 S.D. 603, 201 N.W. 353 (1924), it was stated that: "A tractor being used in the construction of a highway is not being 'operated upon' a highway in any proper sense whatever." Id. 169 N.W.2d at 354.

12. Cf. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961); *American Aggregate Corp. v. Otto Buehner & Co.*, Utah, 528 P.2d 147 (1974).