**CHRIS & DICK'S LUMBER AND HARDWARE, a Utah corporation, Petitioner,**

**v.**

**TAX COMMISSION OF the STATE OF UTAH, Respondent.**

**No. 880188.**

Supreme Court of Utah.

April 24, 1990.

R. LaMar Bishop, Salt Lake City, for petitioner.

R. Paul Van Dam, Stephen G. Schwendiman, Bryce H. Pettey, Salt Lake City, for respondent.

ZIMMERMAN, Justice:

Chris & Dick's Lumber and Hardware, Inc., seeks a writ of review of a final decision of the Utah State Tax Commission ordering Chris & Dick's to pay a 10 percent penalty, plus interest, on over $90,000 due on an untimely filed prepayment of sales tax return. Chris & Dick's claims that the penalty was improperly assessed under the terms of section 59–15–5.1 of the code or, alternatively, that the language of the statute is so vague as to violate the due process clause of the fourteenth amendment of the United States Constitution. We affirm.

Section 59–15–5.1 of the code requires certain entities to prepay a portion of their state and local sales tax liability by June 15th. Utah Code Ann. § 59–15–5.1 (1985) (current version at § 59–12–108 (Supp. 1989)). Chris & Dick's, through its ac-

countant, filed its prepayment return thirty-eight days late. The Utah State Tax Commission levied a 10 percent penalty against Chris & Dick's under section 59–15–5.1(3), which provides in pertinent part: "In addition to any other penalties for late payment provided in Section 59–15–5, there shall be a penalty of 10% of the total amount of the prepayment due from the date the prepayment return is due." Utah Code Ann. § 59–15–5.1 (1985) (current version at § 59–12–108 (Supp.1989)).[1] This penalty was ultimately determined to be $9,287, plus interest. Upon Chris & Dick's motion for a formal hearing, the commission affirmed the penalty in April 1988. Chris & Dick's appealed directly to this court, which has jurisdiction over decisions of the tax commission under section 78–2–2 of the code. *See* Utah Code Ann. § 78–2–2(3)(e)(ii) (Supp.1989).

On appeal, Chris & Dick's mounts a two-pronged attack on the statute under which the penalty was imposed. First, it asserts that the commission improperly construed section 59–15–5.1(3) as imposing a flat 10 percent penalty measured by the tax due, rather than an interest charge of 10 percent, the amount of which should be determined by the proportion of the year during which the return remained improperly unfiled. Second, it contends that the language of section 59–15–5.1(3) is so vague as to whether it imposes a penalty or interest charge that it constitutes a deprivation of due process in violation of the fourteenth amendment of the United States Constitution. We consider these two arguments separately.

Chris & Dick's initial claim that the 10 percent specified in section 59–15–5.1(3) is not a flat penalty is based on what it contends is the plain language of section 59–15–5.1(3). It says that the words "10% ... due from the date the prepayment return is due" create a per annum interest charge that is to run from the return's due date through the date of filing. Under this interpretation, Chris & Dick's calculates the penalty as follows: number of days payment is late (38), divided by the number of days in the year (365), multiplied by 10%, multiplied by the prepayment required ($92,874.93), equals $966.92.

■■■ We begin with the appropriate standard of review. The tax commission contends that we should defer to its previous constructions of section 59–15–5.1(3) as imposing a flat penalty. In the usual case, questions of statutory construction are matters of law for the courts, and we rely on a "correction of error" standard of review, according no deference to an administrative agency's interpretation. *See, e.g., Williams v. Mountain States Tel. and Tel. Co.,* 763 P.2d 796, 798 (Utah 1988); *Telecommunications Resellers v. Public Serv. Comm'n,* 747 P.2d 1029, 1030 (Utah 1987); *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 608 (Utah 1983). There are a limited number of circumstances where the agency's interpretation of a statute or rule may be entitled to some deference, as where construction of

---

**1.** Section 59–15–5.1 provides:
   Prepayment of sales and use taxes—Return—Penalty. (1) Except as provided in Subsection (2) any person whose tax liability under Title 59, Chapters 15 and 16, and Title 11, Chapter 9 was (a) $96,000 for the previous year, (b) $24,000 for the previous quarter, or (c) whose estimated tax liability is $8,000 or more per month, as determined by the State Tax Commission, shall prepay not less than 90% of the amount of state and local tax liability for April and May of each year. The State Tax Commission shall establish by rule and regulation the procedures and guidelines in determining the tax liability under this section.
   (2) The prepayment shall be accompanied by a return showing the amount of the prepayment in the form and manner determined by the State Tax Commission. The prepayments shall be made to the State Tax Commission on or before the 15th of June each year, beginning June 15, 1984.
   (3) The amount of the prepayment shall be a credit against the amount of the taxes due and payable for the quarterly period in which the payment became due. In addition to any other penalties for late payment provided in Section 59–15–5, there shall be a penalty of 10% of the total amount of the prepayment due from the date the prepayment return is due.
Utah Code Ann. § 59–15–5.1 (1985) (current version at § 59–12–108 (Supp.1989)).

the statute should take into account the agency's expertise developed from its practical, firsthand experience with the subject matter. *See, e.g., Hurley v. Board of Review of the Indus. Comm'n,* 767 P.2d 524, 527 (Utah 1988). However, in the present case, the question of statutory interpretation appears to be rather straightforward and of the type we can easily settle by resorting to the usual tools of statutory construction. Therefore, this case does not present an occasion for invocation of the exception, but is governed by the general rule. We do not defer to the tax commission's previous construction.

■ In interpreting this statute, we look to the plain meaning of the language at issue to discern the legislative intent. *See Allisen v. American Legion Post No. 134,* 763 P.2d 806, 809 (Utah 1988) ("Where statutory language is plain and unambiguous, this Court will not look beyond to divine legislative intent."). This statute, while not artfully drafted, does indicate in several places that a flat penalty was intended to be imposed. First, the title of the act creating the penalty states, in part, "[a]n act ... providing filing dates *and penalties* for late payments...." *See* 1984 Utah Laws ch. 64 (emphasis added). Second, the statute uses the term "penalty" to describe the 10 percent charge to be imposed on the taxpayer. Third, the sentence imposing the penalty is prefaced by a clause stating "[i]n addition to any *other penalties* for late payment...." Utah Code Ann. § 59–15–5.1(3) (1985) (current version at § 59–12–108 (Supp.1989) (emphasis added)). These uses of the term "penal-

ty" must be assumed to have been done advisedly. *Board of Educ. of the Granite School Dist. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983).

■ Support for the proposition that the legislature meant a flat charge when using the word "penalty" in section 59–15–5.1(3) is gathered from other provisions in the same part of the code. Elsewhere in title 59, it is clear that the term "penalty" is used to refer to the imposition of a one-time, nonapportionable charge, as opposed to an apportionable interest rate. For example, various sections make a specific distinction between penalty and interest by enumerating them both. Section 59–15–5(11) proscribes late payment of the sales tax, imposing both "penalties and interest" for late payment. Utah Code Ann. § 59–15–5(11) (1985) (current version at § 59–12–107(19) (Supp.1989)). Section 59–15–8 addresses deficient payments due to negligence and provides that in such cases, "there shall be added the greater of $50 or ten per cent of the total amount of the deficiency and interest at the rate prescribed in section 59–11–16." Utah Code Ann. § 59–15–8 (1985) (current version at § 59–12–110(5) (1987)). And section 59–16–9 addresses deficiencies in the payment of use taxes by making a consequence for the failure to pay the use tax a "penalty of ten percent of such amount ... plus interest at the rate prescribed in section 59–11–16." Utah Code Ann. § 59–16–9 (1985) (repealed 1987).

Further, the mere presence of the clause "due from the date the return was due" does not, without additional language,[2] cre-

---

**2.** The dissent would add language to this statute in order to support its conclusion that an interest penalty was intended. If an interest penalty were indeed intended by the legislature, this raises the troublesome question of the time period over which the interest charge is to be assessed. While the dissent would insert the words "per annum" in the statute to avoid imposing a daily, weekly, or monthly rate, a closer examination of the statute precludes such an easy answer. The prepayment was due June 15th, while the full quarterly payment of the sales tax was due July 31st. Given the relatively short period of time between the dates when the prepayment and the quarterly payment became due, a monthly rate of interest could potentially

be imposed. Following the dissent's analysis would therefore not only require this court to insert language into the statute as to the time period over which the interest is to be charged, but would also require us to determine what that time period should be—monthly or yearly or even perhaps quarterly. That is clearly a legislative, and not a judicial, concern. We also note that the dissent's reliance on *Morrison–Merrill & Co. v. Industrial Commission,* 81 Utah 363, 18 P.2d 295 (1933), is inapposite in this case. That case involved the omission of a decimal point in a disability benefit formula, the placement of which was clearly indicated elsewhere in the statute. Given the clear and obviously mistaken omission of the decimal

ate an apportionable interest charge. While this clause appears in other sections that impose an interest charge, it is invariably preceded by "interest at the rate of...." *E.g.*, Utah Code Ann. § 59-15-8 (current version at § 59-12-110(7) (1987)); Utah Code Ann. § 59-16-6 (1985) (repealed 1987).

Chris & Dick's supports its reading of section 59-15-5.1(3) by relying on a clarifying amendment passed by the 1986 legislature. *See* 1986 Utah Laws ch. 55. Among other things, the amendment dropped the clause "from the date the prepayment return was due" from the last sentence of section 59-15-5.1(3). Chris & Dick's argues that by this amendment, the legislature demonstrated an awareness that it had actually created an apportionable per annum penalty analogous to an interest charge, rather than a flat penalty as it had created elsewhere, and dropped the final clause in order to make section 59-15-5.1(3) consistent with other flat penalty tax statutes, such as section 59-1-401. Utah Code Ann. § 59-1-401 (Supp.1989).

We reject this argument on two grounds. First, there is no reason to consider it given the unambiguous language of the statute. *Allisen v. American Legion Post No. 134*, 763 P.2d at 809. Second, even if we were to consider this argument, it seems much more reasonable to conclude that the 1986 amendment dropped the clause "from the date the prepayment return is due" to remove any doubt that a flat penalty was to be imposed. The title of the amendatory legislation, "An Act relating to ... the correction of significant problems of readability, clarity, and consistency ...," suggests that the legislature sought to clear up the awkward language in section 59-15-

5.1 and not to substantively alter the fining mechanism in the statute. *See* 1986 Utah Laws ch. 55; *Finley v. United States*, —— U.S. ——, ——, 109 S.Ct. 2003, 2009, 104 L.Ed.2d 593, 605 (1989) ("[I]t will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect, unless such intention is clearly expressed.") (quoting *Anderson v. Pacific Coast S.S. Co.*, 225 U.S. 187, 199, 32 S.Ct. 626, 630, 56 L.Ed. 1047 (1912)). We note that the 1986 amendment also struck the same clause from section 59-16-7.1, an almost identically worded statute dealing with use tax prepayments. Utah Code Ann. § 59-16-7.1 (1985) (repealed 1987).

We conclude that the plain language of the statute indicates that the clause "due from the date the prepayment return is due" was not intended to create an interest charge. The language of the clause does not include terms such as "per annum" or "interest at the rate of," which are found in other sections of title 59 imposing interest charges for late payment. Instead, the clause was intended to indicate when the penalty would be assessed, i.e., at the time the prepayment return was due, and not at the end of the quarter, when the full payment of the sales tax for that period was due.[3]

Chris & Dick's second attack on the fine imposed upon it is the argument that the statute is so vague as to whether an interest charge or a flat penalty is to be charged that it constitutes a deprivation of procedural due process in violation of the fourteenth amendment. U.S. Const. amend. XIV, § 1. In support of this claim, it suggests that the 1986 amendments amount to an acknowledgment that the

---

point, this court included the decimal point in the formula to avoid awarding benefits 100 times the intended amount. Here, the existence of an omission is far from clear and the statute provides no indication of the language that should be included to remedy the alleged omission. As stated by the United States Supreme Court in *United States v. Monia*, 317 U.S. 424, 430, 63 S.Ct. 409, 412, 87 L.Ed. 376 (1943): "It is not for us to add the legislation that Congress pretermitted." *See generally* 73 Am.Jur.2d *Statutes* § 203 (1973).

3. *Compare* Utah Code Ann. § 59-15-5.1 (1985) *with* Utah Code Ann. § 59-15-8 (1985) (current version at § 59-12-110(7) (1987)) (imposing additional penalties that become due and payable ten or thirty days after notice and demand by the tax commission). This interpretation of the clause in question indicates that it was more than surplusage; rather it was included to have some meaning. This would contradict the dissent's conclusion that our interpretation of the statute leaves this clause devoid of any meaning and therefore surplusage.

statute was so vague that it had to be amended to make it comprehensible.

■■■ It is the duty of this court to construe a statute to avoid constitutional infirmities whenever possible. *E.g., Blue Cross and Blue Shield v. State,* 779 P.2d 634, 637 (Utah 1989); *Provo City Corp. v. Willden,* 768 P.2d 455, 458 (Utah 1989); *State v. Lindquist,* 674 P.2d 1234, 1236–37 (Utah 1983). A statute will be found unconstitutionally vague only when it is not sufficiently explicit and clear to inform the ordinary reader of common intelligence what conduct is proscribed. *E.g., State v. Frampton,* 737 P.2d 183, 192 (Utah 1987); *State v. Hoffman,* 733 P.2d 502, 505 (Utah 1987); *State v. Theobald,* 645 P.2d 50, 51 (Utah 1982); *State v. Pilcher,* 636 P.2d 470, 471 (Utah 1981). The gravamen of Chris & Dick's constitutional claim addresses the allegedly uncertain nature of the fine imposed under section 59–15–5.1, not what conduct is proscribed. The statute is explicit and clear as to the conduct proscribed—the untimely filing of the prepayment return. Given this, we must reject Chris & Dick's due process claim.[4]

The tax commission's order is affirmed.

HALL, C.J., and DURHAM, J., concur.

HOWE, Associate Chief Justice: (dissenting).

I dissent. There are several fundamental related rules of statutory construction which, when applied to section 59–15–5.1(3), support plaintiff taxpayer's interpretation and dictate reversal of the penalty imposed by the tax commission.

We begin with the rule that the terms of a statute are presumed to have been used advisedly by the legislature. *Board of Educ. of Granite School Dist. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983). Therefore, effect should be given to each such word, phrase, clause, and sentence where reasonably possible. *Chez ex rel.*

*Weber College v. Utah State Bldg. Comm'n,* 93 Utah 538, 542, 74 P.2d 687, 690 (1937); *Price v. Industrial Comm'n of Utah,* 91 Utah 152, 154, 63 P.2d 592, 593 (1937). In the process of interpretation, courts may not take, strike, or read anything out of a statute or delete, subtract, or omit anything therefrom. 73 Am.Jur.2d *Statutes* § 200 (1974); *State ex rel. Fawcett v. Board of County Comm'rs of Albany County,* 73 Wyo. 69, 78, 273 P.2d 188, 196 (1954). The only exception to the latter rule is when the words of a statute are so meaningless or inconsistent with the intention of the legislature otherwise plainly expressed in the statute that they may be rejected as surplusage and omitted, eliminated, or disregarded. 73 Am.Jur.2d *Statutes* § 200 (1974). As I will later show, that is not the case here. The court will not construe a particular provision of a statute so as to neutralize or modify other provisions if any other construction of the particular provision is at all tenable. *Miles v. Wells,* 22 Utah 55, 62, 61 P. 534, 536 (1900). Courts will not undertake a correction of legislative mistakes in statutes notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact. *American Electric Power Serv. Corp. v. State,* 619 P.2d 314 (Utah 1980) (title of act indicated legislature intended to amend a different section of the code than the section actually amended in the body of the act); *State ex rel. Fawcett,* 73 Wyo. at 79, 273 P.2d at 197; *Farmers–Kissinger Market House Co. v. City of Reading,* 310 Pa. 493, 498, 165 A. 398, 400 (1933).

When these rules of construction are applied to section 59–15–5.1(3), I cannot disregard, as does the majority, the italicized last eight words of the last sentence of that subparagraph:

In addition to any other penalties for late payment provided in section 59–15–5,

---

4. Chris & Dick's bases its constitutional claim on the fourteenth amendment of the federal constitution. We have noted in the past that this court generally will not engage in state constitutional analysis unless an argument for different analysis under both the state and fed-

eral constitutions is briefed. Therefore, we do not consider the issue under article I, section 7 of the Utah Constitution. Utah Const. art. I, § 7; *see, e.g., State v. Lafferty,* 749 P.2d 1239, 1247 n. 5 (Utah 1988).

there shall be a penalty of 10% of the total amount of the prepayment due *from the date the prepayment return is due.*

The majority justifies its disregard of these last eight words because in the title of the act enacting section 59–15–5.1(3) and throughout the section itself, the word "penalty" is repeatedly used. The majority apparently believes that the last eight words are inconsistent with the imposition of a penalty and therefore must be given no effect whatever. That is not true. The majority overlooks the fact that penalties for the nonpayment of taxes sometimes take the form of the imposition of interest charges on the delinquent amounts unpaid. 72 Am.Jur.2d *State and Local Taxation* § 856 (1974). That is exactly what the legislature has prescribed here. But the majority changes the prescribed penalty to a flat penalty by giving the last eight words no meaning or effect.

The majority also finds strength for its position in the fact that penalties prescribed in other sections of our taxation statutes impose a flat penalty and reasons that the penalty in subsection (3) must also be a flat penalty. In my opinion, each provision in our statutes imposing penalties must stand on its own wording. Admittedly, subparagraph (3) is worded differently from many other penalty provisions. However, it is not unique. Section 59–16–7.1, imposing a penalty for delinquent use tax prepayments, is worded identically to subsection (3), which is before us. Thus we have two separate statutes, one imposing a penalty for delinquent prepayment of sales tax and the other imposing a penalty for delinquent prepayment of use tax (which two taxes complement each other), which are identically worded. This similarity is persuasive that the employment of the last eight words in subsection (3) was not a one-time legislative oversight or error. To the contrary, their use indicates that the legislature in two separate sections prescribed a penalty which is computed as interest. The majority points out that the word "interest" is not used in subsection (3). Of course not. The legislature did not intend for it to be interest but to be a

penalty computed as interest. *See* 72 Am. Jur.2d *State and Local Taxation* § 856 (1974). Interest is separately charged.

The majority also points out that in subsection (3) the words "per annum" do not appear following the figure of 10 percent. That is true. However, this court held in *Morrison–Merrill & Co. v. Industrial Commission of Utah,* 81 Utah 363, 370, 18 P.2d 295, 298 (1933), that where an omission in a statute is obvious, this court would supply a proper word to avoid an absurd result. In that case, this court was construing a formula for benefits contained in a workmen's compensation statute. Taking the formula literally, the injured worker would have been entitled to weekly compensation in the amount of $1,385. The court noted that a figure in the formula was obviously missing a decimal point, which, if inserted, would make the weekly benefit a reasonable amount. By the same reasoning in the instant case, we can supply "per annum" following the figure 10 to avoid the absurd result which would follow if a daily, weekly, or monthly rate of 10 percent were to be used.

Another crucial rule of construction which has been ignored by the majority is that taxing statutes are to be construed strictly and in favor of the taxpayer when doubtful. *Parson Asphalt Prods., Inc. v. Utah State Tax Comm'n,* 617 P.2d 397, 398 (Utah 1980); *Pacific Intermountain Express Co. v. State Tax Comm'n,* 8 Utah 2d 144, 146, 329 P.2d 650, 651 (1958). Statutes prescribing penalties are not to be extended by mere implication. 72 Am. Jur.2d *State and Local Taxation* § 863 (1974). Statutes imposing penalties will not be construed to include anything beyond their letter, even though it may be within their spirit. 36 Am.Jur.2d *Forfeitures and Penalties* § 8 (1968). In the instant case, giving the majority opinion full credit, subsection (3) is subject to two different interpretations. I have demonstrated there is another plausible interpretation. The interpretation made by the majority produces a penalty of almost ten times that which my construction produces. The majority would impose a penalty of

$9,287 for the taxpayer's 38–day delinquency, whereas the interpretation which I would make produces a penalty of $966.92. I believe that where the members of this court are divided on the meaning of the statute, the taxpayer is entitled to the benefit of the doubt under the strict construction rule and should not be subjected to an extremely heavy penalty where the legislature has left doubt in the language.

STEWART, J., concurs in the dissenting opinion of HOWE, Associate Chief Justice.